LOVE (MANDEVILLE v.). See Case No. 9,-012.

LOVE (WHEATON v.). See Cases Nos. 17,-484 and 17.485.

LOVEJOY (MURRAY v.). See Case No. 9,-963.

LOVEJOY (SHAW & WILCOX CO. v.). See Case No. 12,727.

## Case No. 8,550.
### LOVEJOY v. WASHBURNE.
[1 Biss. 416.] [1]

Circuit Court, N. D. Illinois. Dec. Term. 1863.

FEDERAL COURTS — JURISDICTION — CITIZENSHIP—JOINT CONTRACTORS—ONE RESIDENT OF SAME STATE AS PLAINTIFF.

1. An action cannot be maintained in this court against joint contractors where one of them resides in the same state with the plaintiff.

2. If one is not served with process he may enter his appearance and join with the other in a plea to the jurisdiction, and the suit will be dismissed for want of jurisdiction.

[Cited in D'Auxy v. Porter, 41 Fed. 69.]

Defendant. E. B. Washburne, was a resident of Illinois and duly served with process. Morrison, a resident of the same state as the plaintiff, was not served, but entered his appearance in the case, and both united in the following plea, in which the facts are set forth: "And the said Elihu B. Washburne and Dorillus Morrison impleaded, &c., jointly come and say that this court ought not to have or take further cognizance of the action aforesaid, because they say that before and at the time of the commencement thereof, the said Dorillus Morrison was, and from thence hitherto hath been, and still is a citizen of the state of Minnesota, and not of the state of Illinois in manner and form as the said plaintiffs in their said declaration in that behalf have supposed and alleged; and they, the said defendants, so impleaded, &c., further say that at the time when, &c., the said plaintiffs were and are citizens of said state of Minnesota, and that the joint and not the several liability to the said plaintiffs in their said action is in and by their said declaration supposed against the said Elihu B. Washburne and said Dorillus Morrison, impleaded, &c., together with one Cadwallader C. Washburne; and this, the said Elihu B. Washburne and said Dorillus Morrison, impleaded, &c., are ready to verify. Wherefore they pray judgment whether this court can or will take further cognizance of the action aforesaid. Sworn and subscribed, &c."

Cyrus Bentley, for plaintiffs.

Kales & Williams, for defendants.

It was formerly held in some of the circuit courts that the averment as to citizenship to give jurisdiction, must be proved in the general issue. The supreme court has, however, established the rule that if the defendant wishes to dispute the allegation he must plead in abatement. Jones v. League, 18 How. [59 U. S.] 76. The plea of the general issue is no traverse of the jurisdictional allegations. Philadelphia, W. & B. R. Co. v. Quigley, 21 How. [62 U. S.] 214. In all bills in equity in the courts of the United States, the citizenship should appear on the face of the bill, to entitle the court to take jurisdic-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

tion, otherwise the bill will be dismissed. If the citizenship be properly averred, and the defendant means to deny the fact of citizenship, he must take the exception by way of plea, and cannot do it by general answer, for it is a preliminary inquiry. Where the real parties in the record are not citizens of different states, the court has no jurisdiction. Dodge v. Perkins [Case No. 3,954]. A bill in equity to require a judgment lies in the circuit court where the judgment is given, although the original plaintiff resides in, and is a citizen of another state. Such a bill is not an original suit within the sense of the 11th section of the judiciary act of 1789 [1 Stat. 78]. Dunlap v. Stetson [Case No. 4,164].

DRUMMOND, District Judge. The jurisdiction of the circuit court is founded upon the 11th section of the judiciary act of 1789 (1 Stat. 78). The clause "or the suit is between a citizen of the state where the suit is brought, and a citizen of another state," would in the case of a several or joint and several contract authorize a suit against citizens of another state on their several liability, without joinder of citizens of the same state; but in the case of a joint contract where all parties must be joined, the mere omission to serve process on parties residing in the same state with the plaintiff would not confer jurisdiction. Such parties may at any time enter their appearance and the suit will be dismissed for want of jurisdiction.

See Louisville R. Co. v. Letson. 2 How. [43 U. S.] 556; Shields v. Barrow, 17 How. [58 U. S.] 141.