## Case No. 9,142.

### In re MARSTON.

[5 Ben. 313.][1]

District Court. S. D. New York. Sept., 1871.

BANKRUPTCY—MERCHANT OR TRADESMAN—SPECULATING IN STOCKS—SPECIFICATION.

1. A man who speculates in stocks, buying and selling them through brokers, is not a merchant or tradesman, within the meaning of the bankruptcy act [of 1867 (14 Stat. 517)], and may receive a discharge, though he has kept no books of account.

[Cited in Re Woodward, Case No. 18,001; Re Moss, Id. 9,877.]

[Cited in Ex parte Conant, 77 Me. 277.]

2. A specification of opposition to the discharge of a bankrupt, alleging that the bankrupt has destroyed, mutilated and falsified his documents and papers showing his business and financial transactions, but not averring that the acts were done with intent to defraud his creditors, is defective.

[Cited in Re Condict, Case No. 3,094.]

[In the matter of William H. Marston, a bankrupt.]

Chambers, Pomeroy & Boughton and Brown & Estes, for creditors.

Torrance & Pitkin, for bankrupt.

BLATCHFORD, District Judge. The first specification alleges, that the bankrupt, since the 2d day of March, 1867, has destroyed, mutilated and falsified his documents, papers and writings showing and explaining his business and financial transactions. This specification is defective in not averring the act to have been done with intent to defraud his creditors.

All the other specifications, except the third, are too vague and general in their allegations to be triable. The third specification alleges, that the bankrupt, "being a merchant or tradesman," has not, since the passage of the bankruptcy act, kept proper books of account, or any books of account whatever. Assuming that it is sufficient, in the specification, to speak of the bankrupt as a "merchant or tradesman," in the alternative, the question presented for determination is, whether he was a merchant or a tradesman, within the meaning of the provision in section 29 of the act, which directs that no discharge shall be granted to the bankrupt, "if, being a merchant or tradesman, he has not, subsequently to the passage of this act, kept proper books of account." It is admitted that, after the passage of the act, he kept no books of account. Was he, after the passage of the act, a merchant or a tradesman? The only business he was engaged in was what is called

speculating in stocks, that is, buying and selling them, with a view to his own profit, to be made by the excess of the selling price over the buying price. He kept no office, did not act as a commission broker for others in buying and selling stocks, and his buying and selling was done through brokers, who purchased in their own names but for his account, and paid for the stocks with their own funds, he being their debtor for the amounts paid. Of the transactions made through these brokers he himself kept no accounts. Although, according to the lexicons, one who is engaged in the business of buying and selling for gain may be called a merchant, and also a tradesman, yet I do not think it would ever occur to any one to speak of a person carrying on the business which the bankrupt carried on in the way in which he carried it on, as a merchant or as a tradesman, nor do I think that those words, as used in the 29th section, embrace such a person. The fact that the bankrupt was engaged in no other business, cannot have the effect to make him a merchant or a tradesman, because he carried on the business he did carry on in the way in which he carried it on. A clergyman, or a physician or a lawyer might carry on the same business in the same way, in addition to his regular professional business, and no one would call him, in consequence, a merchant or a tradesman. If not, the bankrupt cannot be so called. A discharge is granted.