## Case No. 18,000.

### In re WOODWARD.

[8 Ben. 112; 12 N. B. R. 297; 1 N. Y. Wkly. Dig. 33; 7 Chi. Leg. News, 387.] [1]

District Court, E. D. New York. May, 1875.

REGISTER IN BANKRUPTCY—SUMMONS OF WITNESS.

A summons to a witness to attend before a register in bankruptcy may be served outside the district but within 100 miles of the place where the witness is required to attend.

[Proceedings in the matter of William S. Woodward, a bankrupt.]

BENEDICT, District Judge. A proceeding in bankruptcy having been commenced in this court, the question of the discharge of the bankrupt being before the court upon specification filed in opposition to the discharge, it was referred to a register in bankruptcy of this district to take and report to the court the evidence to be adduced by the respective parties upon the said issue. Such reference being thereupon commenced, a summons in accordance with form No. 48 was issued, requiring one George S. Scott to attend as a witness in said proceedings before such register, at his office in the city of Brooklyn. The summons was served upon Scott in the city of New York, where he resides. Scott failed to attend in accordance with the summons, and thereupon application is made to the court to attach the witness for his failure so to attend.

The application is opposed, for the purpose of obtaining a determination of the question whether a witness is bound to regard a summons served upon him out of the district for which the register is appointed, requiring attendance before that register in a district where the witness does not reside.

The general rule undoubtedly is, that process does not run beyond the limits of the judicial district. But to this there is a well-known exception in the case of witnesses. Section 876 of the United States Revised Statutes expressly provides that subpœnas for witnesses who are required to attend a court of the United States may run into another district.

The provisions of the bankruptcy laws confer upon a register in proper cases "all the powers of the district court for the summoning and examination of witnesses." In the present case the register before whom the witness was required to attend in the city of Brooklyn had been duly directed in pursuance of section 5001 to take the testimony in the proceeding described in the summons; and therefore by virtue of section 5002 the register had all the power of this court for the purpose of summoning and examining witnesses in said proceeding.

The witness, Scott, was therefore liable to be subpœnaed to attend before the register in this district, notwithstanding the fact that he resided out of the district, as it is conceded that he did not live more than 100 miles from the city of Brooklyn. The summons served upon the witness had all the effect that would have followed due service of the ordinary subpœna in a civil case requiring that attendance of the witness before the court. Unless, therefore, the failure to attend is excused, the right of the parties to an attachment cannot be denied. Some facts, by way of excuse, are stated in the papers, and they are accompanied by expressions of entire willingness on the part of the witness to attend, if he could be legally required to do so. I shall not, therefore, at this time, consider the matters offered in excuse, but shall postpone the examination of that question, to give the witness the opportunity of demonstrating the sincerity of those expressions by attending before the register at such reasonable time as may be fixed by the register for the next hearing on the proceeding referred to.

[For subsequent proceedings, see Case No. 18,001.]