## Case No. 10,426.

In re ODELL et al.

[9 Ben. 209;[1] 17 N. B. R. 73.]

District Court, S. D. New York. Aug., 1877.

MERCHANT OR TRADESMAN.

A person who keeps in his stable horses belonging to other persons, and feeds such horses with food which he buys, and receives pay for the food which such horses consume, in the amount paid for keeping the horses on livery, sells the food, and is "a merchant or tradesman" within subdivision 7 of section 5110 of the Revised Statutes of the United States, in respect to the discharge of a bankrupt.

[Distinguished in Re Duff, 4 Fed. 521.]
[Cited in Groves v. Kilgore, 72 Me. 491.]

[Application for a discharge. The application was opposed on the ground that the bankrupts [Albert S. Odell and Edgar Odell] had not kept proper books of account.][2]

G. A. Seixas, for bankrupts.
Mitchell & Mitchell, for opposing creditor.

BLATCHFORD, District Judge. Subdivision 7 of section 5110 of the Revised Statutes provides that no discharge shall be granted to a bankrupt, if, "being a merchant or tradesman," he has not kept proper books of account. It is contended that the bankrupts in this case were neither merchants nor tradesmen. Until October, 1875. when they failed, they were copartners in business. Edgar Odell, in his testimony. describes such business as "livery stable keeping," "and, in addition, buying and selling horses, wagons, harness, and such things pertaining to the business." Further on, he says: "Buying and selling horses means, that, when it was necessary for the business to have any more horses we bought them, and we sold them again when they were disabled or unfit for the business, or slack times, or other reasons of that kind." He also says, that it was no part of the business of the firm to buy anything for the purpose of sale; that they never bought or traded for anything to sell again; that their business was a strictly livery business; that they did no trading of any kind; that they let coaches, horses, sleighs, harnesses, and all that sort of gear for hire, for so much an hour, or so much a month, or so much a day; that they kept horses on livery, for so much a month or so much a day; and that they bought feed, hay and oats, which they used up in the concern, but never sold any. Albert S. Odell says, that the business of the firm was "the livery business," including. boarding horses and letting coaches, wagons and horses; that they sold only disabled horses, those that were of no use to the business, some horses not calculated for the business; and that they never bought a horse to sell again, and never sold any grain, hay, oats or feed. Again, he says: "Our firm never bought anything to sell again or to trade. Oh! we traded horses. We traded disabled horses for better horses suitable for the business. Except what we bought and sold or traded as unfit for the business, we never did any buying or trading."

It is stated by the bankrupts that they kept horses on livery or boarded horses, that is, kept in their stables horses belonging to other persons, and fed such horses with hay, oats, feed and grain, buying such food and receiving pay for the food which such horses consumed. This was as much a sale of the food as if it had been sold to be taken away from the premises and consumed by the horses of other persons elsewhere. The only difference is that it was sold to be consumed on the premises by the horses of other persons. The purchaser of the food from the bankrupts paid for it—not indeed by the pound or measure, as the bankrupts bought it, but in the amount paid per month or per day for keeping the horses on livery. It would seem, too, that the bankrupts bought some of their horse-feed on credit, for among their debts is a debt of $200 to one Bowne, a dealer in horse-feed.

The omission to enter in the books of the bankrupts the debts which in their schedule they allege they owe to Blanck, to Dohlman, and to Bowne, is sufficient ground for withholding discharges.

[The case was subsequently heard upon objection to confirmation of resolution of composition. Case No. 10,427.]

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [From 17 N. B. R. 73.]