## Case No. 9,877.

### In re MOSS.

[19 N. B. R. 132.] [1]

District Court, S. D. New York. April 23, 1879.

BANKRUPTCY — STOCK BROKER — MERCHANT OR TRADESMAN—FAILURE TO KEEP BOOKS —DISCHARGE.

The bankrupt was a stock and gold broker, but was not a member of the Stock Exchange. He took orders for the purchase and sale of stocks and gold, but conducted the business exclusively through the agency of other brokers, who were members of the exchange, and divided the commissions with them. Held, that he was not a merchant or tradesman, within the meaning of the act, and as such disentitled to a discharge for failure to keep books of account.

In bankruptcy.

B. Skaats, for bankrupt.
Chas. E. Crowell, for creditor.

CHOATE, District Judge. This is an application for the discharge of the bankrupt. The only specification is that, being a "merchant or tradesman," he kept no books of account. The bankrupt kept no books. The only question is, was he a "tradesman," within the meaning of the act [of 1867 (14 Stat. 517)]? The evidence as to the nature of the bankrupt's business is very confused; but, as nearly as it can be made out from his examination, it was as follows: He was a stock and gold broker, but without being a member of the Stock Exchange. He took orders for the purchase and sale of stock and gold, but did not himself execute the orders. He opened accounts in his own name, as "agent," with other brokers, who were members of the exchange, and they bought and sold for him upon his orders, and gave him half the commission usual in such transactions. He furnished those for whom he did the business a memorandum of each transaction immediately after it occurred. It did not appear whether his customers knew that he bought and sold exclusively through other brokers, nor was there any evidence of concealment. The debts contracted by him consisted chiefly of balances due the brokers through whom he acted, being in reality for excess of his losses over the margins deposited. There were also some debts for borrowed money, and some debts due to the customers who employed him, for balances on these stock transactions. Upon these facts, I think it clear that the bankrupt was not a "merchant or tradesman," within the meaning of the act, and as such disentitled to a discharge for failure to keep books of account. The careful discussion of the meaning of the word "tradesman" in recent cases makes it unnecessary to do more than refer to those authorities. In re Coté [Case No. 3,267]; In re Stickney [Id. 13,439]; In re Marston [Id. 9,142]. Discharge granted.

[1] [Reprinted by permission.]

MOSS, The (MAGEE v.). See Case No. 8,944.
MOSS (RIDDLE v.). See Case No. 11,809.
MOTHERSHED (HEALY v.). See Case No. 6,296.

## Case No. 9,878.

### In re MOTT et al.

[N. Y. Times, Dec. 8, 1863.]

Circuit Court, S. D. New York. Nov. 28, 1863.

BANKRUPTCY—JURISDICTION OF DISTRICT COURT— SETTING ASIDE CONVEYANCE BY ASSIGNEE.

[Cited in Re Hyde, 6 Fed. 594, to the point that the district court in bankruptcy has the power to set aside by summary process a conveyance executed by the assignee in bankruptcy which was improvidently, irregularly, or without due authority, executed by the assignee, or which was procured to be executed by fraud upon the court or upon the assignee, while the property so conveyed is still in the hands of the party to whom so conveyed by the assignee.]

[This case is first reported as heard upon objections to petition of Jacob H. Mott to be decreed a bankrupt. Case No. 9,878b. It is next reported as heard in the district court upon application to set aside the sale by the assignee to Isaac C. Delaplaine of the bankrupts' interest in the estate of their grandfather John Hopper. The petitioners were allowed to move it into this court. Case No. 9,878a. It is now heard upon this removal.]

Judge Foote, for motion.
Mr. Betts, opposed.

NELSON, Circuit Justice. We have looked into the papers in this case, and are satisfied that the two orders entered by the district court, on the report of the general assignee, for a private sale of the assets of the bankrupts, on the 28th of February, 1860, were improvidently granted, and that they should be set aside, and, also, that the conveyance under them by the assignee to Isaac C. Delaplaine should be delivered up and canceled, and the monies paid by him, and deposited in the district court, be refunded to him, and those received by the assignee, and not so deposited, be refunded by the said assignee. We do not doubt but that the district court has full power and jurisdiction to make an order to the above effect. As to the prayer of the petitioners that conveyances of the property made by the assignee to Delaplaine be made to them, we are of opinion that the district court has no power to make such an order, or that it would be right or proper to make it, even if it had the power. In the existing condition of the matter in controversy, a proper and equitable disposition of them, in our judgment, would be an order directing a sale of these assets at public auction, giving ample notice of the time and place of sale, with a particular description of the nature, locality and boundaries of the property, it being real estate; or, at least, as full and particular a description as practicable. As to the question of the two years'