CHARLES H. GROVES, appellant, *vs.* FRANK KILGORE.

Androscoggin.    Opinion July 30, 1881.

*Insolvent law.    Trader.    Livery-stable keeper.    Stat. 1878, c. 74, § 42.*

A livery-stable keeper who buys hay and grain and sells, by keeping horses to bait and board, is a trader within the meaning of the insolvent law, Stat. 1878, c. 74, § 42.

ON EXCEPTIONS.

An appeal from the court of insolvency.

The appellee, Frank Kilgore, was duly adjudged an insolvent, and petitioned the court of insolvency for a discharge. The appellant objected to his discharge for the following reason, among others :

"That said debtor being, since the law was passed under which said proceedings are pending, a trader,   .   .   .   did not keep a cash book, and did not keep other proper books of account."

The judge of the court of insolvency decreed the discharge, and this appeal was taken.

At the trial, the jury found specially that "the appellee from May 14, 1878, to July 3, 1879, at Lewiston, in this county, bought hay and grain and sold it, by keeping horses to bait and to board at his stable, or at the stable hired by him." Thereupon the presiding justice ruled *pro forma*, that as a matter of law, the appellee was not entitled to a discharge, and exceptions were alleged to that ruling.

*Ludden and Drew,* for the appellant, cited : *In re O'Bannan,* 2 N. B. R. ; *In re Odell & Odell,* 17 N. B. R. 73 ; U. S. Rev. Sts. § 5110 ; *In re Littlefield,* 3 N. B. R. 57.

*L. H. Hutchinson* and *A. R. Savage,* for the appellee.

The appellee was not a trader. He was a truckman who occasionally let out horses for hire and sometimes baited horses at his stable.

A trader is one who engages in commercial transactions, buying and selling for the sake of gain.

A livery-stable keeper may be a trader or he may not. It would depend upon the extent of his business and the manner of conducting it. If in addition to keeping horses to let for hire, or baiting or boarding horses, he should traffic in horses or keep a sale stable, he would be a "trader;" if he simply kept horses to let for hire, we contend he would not be a "trader." This case discloses that Kilgore kept one horse to let, and occasionally let two others.

The legal significance of the word "trader," is that of one who exchanges for the purpose of gain. Trade is commerce; traffic; barter. The idea we have suggested is inseparable from the legitimate use of the term. If one so conducts business of any name as to be engaged in exchanges for profit, he is a trader; otherwise not. See Webster's Dictionary, Trade; Trader; Bouvier's Law Dictionary, Trader.

WALTON, J. The insolvent law of this State declares that the debtor shall not be discharged, if, being a merchant or trader, he has not, since the passage of the act, kept a cash book, and other proper books of account. Act 1878, § 42.

In this case, the debtor's discharge is objected to upon the ground that he has been a livery-stable keeper since the passage of the act, and that a livery-stable keeper is a trader within the meaning of the law, and that, being such trader, he did not keep a cash book.

The debtor admits he did not keep a cash book, but he denies as matter of fact that he has been a livery-stable keeper, and he denies as matter of law that a livery-stable keeper is a trader.

The parties have been permitted to have the question of fact determined by a jury, and the jury found that the debtor had been a livery-stable keeper, and bought hay and grain and sold it by keeping horses to bait and board at his stable.

There is no motion to have the verdict set aside, and the only question for the law court is whether the presiding judge ruled correctly in holding that, a livery-stable keeper, who buys hay and grain and sells it by keeping horses to bait and board, is a trader within the meaning of the law.

We think the ruling was correct. It is settled law in England that a livery-stable keeper is a trader. He is so classed in the English bankrupt act of 1869. And it is so held in this country. *Re Odell*, 17 Bankr. Reg. 73. It was there held that a livery-stable keeper, who takes horses to board, cannot have a discharge, if he has not kept proper books of account. U. S. Dig. for 1878, p. 85, § 194.

In a general sense any one who buys and sells is a trader. But occasionally buying and selling will not necessarily make one a trader under bankrupt and insolvent laws. To make one such he must buy and sell as a business. Not necessarily as his only business. The same person may engage in many kinds of business. Nor is a large amount of buying and selling necessary to create a trader. There are small traders as well as large traders. To draw the line, however, between an occasional buyer and seller, and one who makes it a business to buy and sell, is not easy. It is mainly a question of intent; and, like all questions of intention, each individual case must be determined by the circumstances attending it.

To constitute a trader it is not necessary that he should sell the articles in the same condition as when he bought them. A butcher, who buys cattle and sells beef, a shoemaker who buys leather and sells shoes, a baker who buys his materials and sells bread, a brickmaker who buys his earth and sells bricks, a carriage maker who buys his materials and sells carriages, are held to be traders within the meaning of bankrupt and insolvent laws. The important fact is whether the seller is also a buyer, for it is usually the buying, and the buying on credit, and not the selling, that runs him into debt, and ultimately makes a bankrupt of him. A livery-stable keeper is one who takes horses to bait and board; and he usually keeps horses to let; but the reason why he is held to be a trader is not because he lets horses, not because he occasionally sells a horse when he is no longer fit for his business, but because it is a part of his business to buy hay and grain and to sell it again in the form of feed for the horses of others. Baiting and boarding the horses of others, and receiving pay for so doing, is regarded as a selling of the

feed purchased, and in a form less changed than the articles sold by the baker, or the butcher, or the shoemaker, or the brick-maker; and the same reason exists why he should keep proper books of account. In this case, the jury not only found that the insolvent was the keeper of a livery stable, but they found separately and distinctly that he bought hay and grain and sold it by keeping horses to bait and board at his stable. We think there was no error on the part of the presiding judge in holding that he was a trader; that the written objections to his discharge were sufficient in substance and in form; and that his discharge was rightly refused. Abbott's Law Dict. Trade; Trader; Tradesman, and cases cited. Bouvier's Law Dict. Trader, and cases cited. Hamlin's Insolvent Law of Maine, 58, and cases cited.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.