*Ex parte* NATHAN B. CONANT.

*In re* CYRUS N. FOGLER.

Knox.   Opinion April 13, 1885.

*Insolvent law.   Discharge.   " Merchant or trader."*

An insolvent debtor, during a period of about a year, bought and sold mining stocks from time to time amounting in all to about thirty-five hundred dollars. These transactions were casual, and outside and independent of his established business. *Held:* That this did not constitute him a "merchant or trader" within the meaning of the insolvent law.

ON EXCEPTIONS.

An appeal from the decree of the judge of the court of insolvency, granting a discharge to Cyrus N. Fogler, insolvent debtor.

The material facts are stated in the opinion.

*C. E. Littlefield,* for the creditor, contended that the insolvent was a "merchant or trader," and kept no cash book.

The fact that the trading in mining stocks was a separate and independent business, does not of itself have any tendency to exclude such trading from the penalties of the law. "He must buy and sell as a business, not necessarily as his only business. The same person may engage in many kinds of business." *Groves* v. *Kilgore,* 72 Maine, 491.

The controling principle underlying and determining all trade, the principle that makes men "traders," is the desire for gain. A buying and selling for profit. Bouvier's Law Dict. "Trader."

The only American case that I have been able to find that discusses any part of this question, is that in matter of *Marston,* 5 Ben. 314. It is not in point, however. The words of the statute were, "merchant or tradesman," and the case turns upon the fact that the insolvent did none of the business himself, and what was done was by a broker, in a broker's name, and with the broker's funds, and the insolvent did not buy or sell, or deal in a single share of stock, — while here, not a share was bought or sold through a broker.

*In re Cote,* 14 N. B. R. 505, the court said, "I am of the opinion that 'tradesman' can not fairly be stretched to mean 'trader,' in the larger sense of the old bankrupt law."

*J. E. Hanly,* for the insolvent debtor, cited: *Groves* v. *Kilgore,* 72 Maine, 489; *Ex parte Phipps,* 2 Deac. 487; *Ex parte Edwards,* 1 Mont. D. & D. 3, 4 Jur. 153; *In re Cote,* 14 N. B. R. 503; *Ex parte Patterson,* 1 Rose, 402; *Ex parte Maginnis,* 1 Rose, 84; *Putnam* v. *Vaughan,* 1 T. R. 572; *Colt* v. *Netterville,* 2 P. Wms. 304; *In re Cleland,* 2 L. R. Ch. 466; *In re Woodward,* 8 Ben. 563.

LIBBEY, J. The creditor objected to the insolvent debtor's discharge, on the ground that he was a merchant or trader, and did not keep a cash book. The judge of the court of insolvency found that the debtor was entitled to a discharge, and decreed accordingly. The creditor appealed to the Supreme Judicial Court, and the case was heard by the presiding judge at *nisi*

*prius,* who affirmed the decree below.   The case comes here on exceptions to the rulings of the judge in matters of law.

To sustain his objection that the debtor was a trader, the objecting creditor proved that, during a period of about a year, the debtor, from time to time, bought and sold mining stocks, amounting in all to about three thousand five hundred dollars. These transactions were casual, outside of his established business and independent of it.   The judge who heard the case held that these facts did not constitute the debtor a trader, within the meaning of R. S., c. 70, § 46.   The main question for determination is whether that ruling is correct.   We think it is.

One who makes it his business, or a part of his business, to buy and sell goods, merchandise, or commodities, is undoubtedly a trader, within the meaning of the statute.   *Groves* v. *Kilgore,* 72 Maine, 491; *Sylvester v. Edgcomb,* 76 Maine, 499.   But we find no authorities that hold that speculating in stocks constitutes one a trader.   The authorities cited by the counsel, and those which we have been able to find, hold the other way. A trader is defined to be " one who makes it his business to buy merchandise or goods and chattels, and to sell the same for the purpose of making a profit. "   Bouv. Law Dic. 594.   Shares in stocks are neither merchandise, goods, or chattels.   *In re Cleland,* 2 L. R. Ch. 466, it was held that buying and selling stocks did not constitute one a dealer in " goods or commodities " within the meaning of the English bankrupt act, so as to subject him to its provisions.

*In re Marston,* 5 Benedict, 313, it was held that speculating in stocks did not render the bankrupt a " merchant or tradesman " within the meaning of the U. S. bankruptcy act, which denied a discharge to the bankrupt, " if, being a merchant or tradesman, he has not, subsequently to the passage of this act, kept proper books of account. "   BLATCHFORD, J., in his opinion, says, " Although, according to the lexicons, one who is engaged in the business of buying and selling for gain, may be called a merchant, and also a tradesman, yet I do not think it would ever occur to any one to speak of a person carrying on the business which the bankrupt carried on, in the way in which he carried it on, as a

EX PARTE CONANT.   IN RE FOGLER.

merchant, or as a tradesman, nor do I think that those words, as used in the 29th section, embrace such a person. "  "A clergyman, or a physician, or lawyer, might carry on the same business in the same way, in addition to his regular professional business, and no one would call him in consequence, a merchant or a tradesman.  If not, the bankrupt can not be so called. "  It appeared that speculating in stocks, was the bankrupt's only business.

The same rule was fully affirmed in *In re Woodward*, 8 Benedict, 563.  In this case, the sole business of the bankrupt was that of a speculator in stocks and a stock broker.  He was a member of the board of brokers, kept an office, and bought and sold to a very large amount, his liabilities, when he was declared a bankrupt, reaching nearly three million dollars.  In his opinion, BENEDICT, J., says : "Upon these facts, the court has been urged to hold that the bankrupt was a merchant or tradesman, and to refuse the discharge because of his failure to keep proper books of account.  But my opinion is that the bankrupt can not be held to have been a merchant or tradesman, within the meaning of the bankrupt law.  The words merchant and tradesman, involve the idea of dealing with merchandise in some form or other.  In their ordinary and natural signification, they do not include one who makes profits by buying and selling of shares on speculation, whether for himself or for others.  Such a person, in ordinary parlance, can not be said to be engaged in trade.  No case has been cited which furnishes authority for extending the meaning of these words, so as to include the occupation of this bankrupt.  The adjudged cases look the other way.  The case of *Marston*, ( 5 Ben. 313, ) is quite in point. It is supposed that the present case differs from the case of *Marston* in that the dealings of this bankrupt were not casual, that he had an office, made contracts in his own name as well as for others, and acquired by his dealings a credit that enabled him to make extensive purchases of stocks.  But these circumstances, assuming them to be proved, do not bring him within the statute, for they do not disclose the characteristic feature of the occupation

of a merchant or tradesman, namely, a trading in goods, wares, or merchandise. "

Our insolvency law was enacted to take the place of the bankrupt law, on its repeal, and we think the words "merchant or *trader*" are used with the same meaning as the words "merchant or *tradesman*" in the bankrupt law.

It becomes unnecessary to consider the other point discussed by counsel, whether the debtor kept a cash book of his stock transactions, or its equivalent.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.