## In re PACIFIC COAST WAREHOUSE CO.

(District Court, N. D. California. June 22, 1903.)

### No. 4,225.

**1. BANKRUPTCY—CORPORATIONS—TRADING OR MERCANTILE PURSUITS.**
A corporation conducting a public warehouse in which it receives and stores grain and other merchandise for hire, issuing receipts therefor, is not engaged in "trading" or "mercantile pursuits," and is not subject to be adjudged an involuntary bankrupt under Bankr. Act 1898, § 4b, Act July 1, 1848, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423].

In Bankruptcy. On petition in involuntary bankruptcy.

E. T. Pillsbury, Pillsbury, Madison & Sutro, Jesse W. Lilienthal, and Naphtaly, Freidenrich & Ackerman, for petitioning creditors.
Henry Ach and Peter F. Dunne, for defendants.

DE HAVEN, District Judge. The question for decision arises upon the petition of certain creditors of the Pacific Coast Warehouse Company to have that corporation adjudged bankrupt, and the demurrer of the defendant thereto. The petition alleges:

"That the Pacific Coast Warehouse Company now is, and at and during all the times hereinafter stated was, a corporation duly created, formed, and organized under the laws of the state of California, and at and during all said times was and still is engaged in the business of receiving merchandise on storage for compensation and issuing thereon warehouse receipts, and at and during all said times maintained, for the purposes of its said business, a warehouse at Port Costa, in the state of California, and said corporation, at and during all said times, was and still is engaged principally in mercantile pursuits, to wit, the receiving on storage of barley, wheat, and other merchandise for compensation, and issuing warehouse receipts, and delivering said merchandise upon return of said receipts."

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat Bank v. First Nat. Bank, 42 C. C. A. 4.

The averments of the petition clearly show that the business of the defendant corporation is that of conducting a public warehouse, and the question raised by the demurrer is whether such a business. is a trading or mercantile pursuit within the meaning of subdivision "b" of section 4 of the bankruptcy act of 1898, Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], which provides that "any corporation engaged principally in manufacturing, trading, printing, publishing, mining, or· mercantile pursuits, * * * may be adjudged an involuntary bankrupt." The words "trader" and "mercantile pursuits" have a well-defined meaning in law, and there is no better statement of the sense in which those words are used in the bankruptcy act than the following, quoted from the opinion of Judge Brown, of the Southern District of New York in the case of In re New York v. W. Water Co., 98 Fed. 711:

"In Bouv. Law Dict. a trader is defined as 'one who makes it his business. to buy merchandise or goods and chattels, and to sell the same for the purpose of making a profit.' Black, Law Dict. says: 'One whose business is. to buy and sell merchandise or any class of goods, deriving a profit from his dealings;' and the weight of authority seems to be that the proper description, of the business of a trader includes both buying and selling either goods or merchandise, or other goods ordinarily the subject of traffic. Per Lord Ellenborough, in Sutton v. Weeley, 7 East, 442; Thompson, C. J., in Wakeman. v. Hoyt, 28 Fed. Cas. 1351 [No. 17,051]; Lowell, J., in Re Chandler, 4 N. B. R. 213, 5 Fed. Cas. 447 [No. 2,591]; In re Smith, 2 Low. 69, 22 Fed. Cas. 395. [No. 12,981]; Love v. Love, 15 Fed. Cas. 999 [No. 8,549].

"The words 'mercantile pursuits' may have a little broader signification than 'trading.' 'Mercantile' is defined by the Century Dictionary as 'having to do with trade or commerce; of or pertaining to merchants, or the traffic carried on by merchants; trading; commercial.' It signifies, for the most part, the same thing as the word 'trading'; and by 'mercantile pursuits' is meant the buying and selling of goods or merchandise, or dealing in the purchase and sale of commodities, and that, too, not occasionally or incidentally, but habitually as a business. Norris v. Com., 27 Pa. 494; Com. v. Natural Gas Co., 32 Pittsb. Leg. J. 310.

"* * * These terms are restricted also to dealing in merchandise, goods, or chattels, the ordinary subjects of commerce; so that a railroad contractor,. or a speculator in stocks. whether on his own account or as broker, is not deemed a trader or merchant. In re Smith, 2 Low. 69, 22 Fed. Cas. 395 [No. 8,549]; In re Marston, 5 Ben. 313, 16 Fed. Cas. 857 [No. 9,142]; In re Woodward, 8 Ben. 563, 30 Fed. Cas. 542 [No. 18,001]; In re Moss, 19 N. B. R. 132, 17 Fed. Cas. 901 [No. 9,877], per Choate, J."

So, also, in the Matter of Cameron Town Mut. Fire, Lightning & Windstorm Ins. Co. (D. C.) 96 Fed. 756, the court, after referring to the fact that the bankruptcy act of 1867, Act March 2, 1867, c. 176,. 14 Stat. 517, applied to "all moneyed business or commercial corporations, and joint-stock companies," said:

"When the Legislature changed the statute from 'moneyed business or· commercial corporations' to the language 'principally engaged in mercantile· pursuits,' it is to be presumed it was done for a purpose. The word 'mercantile,' in its ordinary acceptation, pertains to the business of merchants, and has 'to do with trade, or the buying and selling of commodities.' ₒ A mer-· chant is one who traffics, or who buys and sells goods or commodities. * * * The term 'mercantile pursuits' necessarily carries with it the idea of traffic, the buying of something from another or the selling of something· to another, and is allied to trade. This concern has nothing in its business. of the character of mercantile pursuits."

To the same effect may also be cited: In re Tontine Surety Co. of New Jersey (D. C.) 116 Fed. 401; In re Philadelphia & Lewes Transportation Co. (D. C.) 114 Fed. 403; In re Surety Guarantee & Trust Co. (C. C. A.) 121 Fed. 73. In view of the foregoing decisions, which I regard as sound, my conclusion is that the business of a warehouseman is not a "trading" or "mercantile pursuit" within the meaning of the bankruptcy act. The fact that when grain is stored with it the defendant issues to the owner a warehouse receipt, which, when negotiated, operates as a transfer of the title to the grain therein described, does not make the business of defendant that of a trader or merchant. In the negotiation of the warehouse receipt, it is the owner of the grain who thereby sells and transfers the title to his grain, and not the defendant. The defendant, as warehouseman, is simply the bailee of the grain which is stored with it. Whether Congress wisely excluded corporations engaged in business like that of the defendant from the operation of the bankruptcy act, is not for the court to determine. The statute is a valid exercise of the power granted by the Constitution to Congress to establish "uniform laws upon the subject of bankruptcy throughout the United States," and it is not for the courts to vindicate or question the wisdom of laws which it is their duty to administer. In re Drake (D. C.) 114 Fed. 229.

The demurrer to the petition is sustained, and the petitioners will be allowed two days within which to amend their petition, if so advised.