## PHILPOT v. O'BRION et al.

### In re H. J. QUIMBY FREIGHT FORWARDING CO.

(Circuit Court of Appeals, First Circuit. October 28, 1903.)

#### No. 478.

1. INVOLUNTARY BANKRUPTCY—TRADING CORPORATION—CHARTER—BURDEN OF PROOF.

Even if there were no question of ultra vires, the burden of proof is on the petitioning creditors to show that a corporation chartered for the purpose of transacting the business of a common carrier is a trading corporation within Bankr. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], providing that any corporation engaged principally in manufacturing, trading, etc., may be adjudged an involuntary bankrupt.

2. SAME—EVIDENCE.

The court comments on the nature of the proofs in this case, and holds that the finding of the referee that the corporation in question was "extensively engaged" in trading falls short of the statutory word "principally," and would not justify an adjudication of bankruptcy.

¶ 1. What persons are subject to bankruptcy laws, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

Appeal from the District Court of the United States for the District of Massachusetts.

H. N. Allin (B. Marvin Fernald and Marshall P. Thompson, on the brief), for appellant.

Frank H. Stewart, for appellees.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This appeal depends on the effect and application of section 4b of the bankruptcy statute of 1898 (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), as amended by the act of February 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411]. The District Court dismissed a petition praying for an adjudication against the H. J. Quimby Freight and Forwarding Company, a corporation, on the ground that it was not "engaged principally" in any business specified therein. The petitioning creditors appealed to us.

The corporation was chartered "for the purpose of transacting the business of a common carrier of property and persons." Passing by the question whether the court in bankruptcy can take cognizance of ultra vires transactions of corporations, the case becomes one merely of fact, as to which the District Court found against the appellant. Of course, in view of the charter, the burden rests on them. There is sufficient evidence that the corporation did to some extent engage in trading, and in letting of horses and wagons; but, even if we were to assume that such letting is trading within the meaning of the bankruptcy statutes, the evidence, though somewhat uncertain, would not sustain the proposition that the corporation made this its principal business. Even the referee, who recommended that the corporation be adjudged bankrupt, found only that it was extensively engaged in trading, thus falling short of the statutory word "principally." On any view, the proofs are not sufficiently persuasive to justify us in reversing the District Court on a mere question of fact.

The decree of the District Court is affirmed, and the appellees recover the costs of appeal.