## GALLAGHER et al. v. DE LANCEY STABLES CO.

(District Court, E. D. Pennsylvania. January 9, 1908.)

No. 2,834.

BANKRUPTCY—CORPORATIONS SUBJECT TO LAW—TRADING—MERCANTILE PURSUITS.

A corporation organized to conduct a general livery and boarding stable business, and engaged in buying, keeping, and hiring its horses and vehicles for profit and keeping, feeding, and caring for the horses and vehicles of others for hire, not being engaged in buying and selling horses and vehicles or feed as a business, is not a trading corporation or one engaged chiefly in mercantile pursuits within Bankr. Act July 1, 1898, c. 541, § 4, cl. "b," 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], providing that such corporations may become bankrupt.

[Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

Trial by the Court Without a Jury.

Michael J. Ryan, Howard M. Long, and A. J. Wilkinson, for plaintiffs.

John J. McDevitt, Jr., and Francis Chapman, for defendant.

J. B. McPHERSON, District Judge. The petition in this case avers that the De Lancey Stables Company is a corporation "principally engaged in the livery stable business, buying and selling horses and feed"; this averment being evidently intended to bring the corporation within the provisions of section 4, cl. "b," Bankr. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], concerning trading companies or companies engaged in mercantile pursuits. The answer took issue with the petition upon this point, and a trial was afterwards had by agreement before the court without a jury. From the evidence thus heard I find the facts to be as follows:

The De Lancey Stables Company is a Pennsylvania corporation, formed, as stated in its charter, for the purpose of conducting a general livery and boarding stable business. In pursuance of this purpose, it bought, kept, and hired for profit its own horses and vehicles, hiring them either by the hour or for a defined service; and also kept, fed, and cared for the horses and vehicles of other persons, receiving pay for so doing. It sometimes bought and sold horses in the course

of its livery business, and upon one occasion it may perhaps have sold a horse to a person who desired to buy. This sale, however, is denied, and (if the fact were material) I should accept the denial, as true. Upon another occasion it conveyed a horse to a creditor in part payment of his bill, but it was no part of the company's business, either authorized or actual, to buy and sell. It bought such feed as was necessary, but there is no evidence that it ever sold any feed directly, or in any other way than by supplying the needs of the horses that were taken upon board.

These being the facts, I think it so clear that the corporation was principally engaged neither in trading nor in mercantile pursuits that discussion is unnecessary. It is well settled that a trader or a merchant is a person who is engaged in the business of buying and selling, one who buys in order to sell; and I think it must be conceded that the foregoing facts do not bring the bankrupt within either class —if, indeed, the two classes should be distinguished. Moreover, even if the bankrupt did occasionally trade in horses and vehicles, this was certainly not its principal business. It kept horses for hire, and took them to board, and it was engaged in nothing else.

There are one or two isolated decisions which favor the position of the petitioning creditors, but the overwhelming weight of authority is against them. The industry of the junior counsel for the bankrupt has collected numerous cases bearing upon the questions involved, and, for the advantage of future reference, I cite them from his brief, as follows: Groves v. Kilgore, 72 Me. 489; Re Odell, 9 Ben. 209, Fed. Cas. No. 10,426; Martin v. Nightingale, 3 Bingham (E. C. L.) 421; Wright v. Bird, 1 Price (Eng. Exch.) 20; Stewart v. Ball, 2 Bingham New Rep. (E. C. L.) 78; Re Morton Boarding Stables (D. C.) 108 Fed. 791; Re Quimby Co. (D. C.) 121 Fed. 141; Re New York Banking Co. (D. C.) 127 Fed. 471; Phila. & Lewes Transportation Co. (D. C.) 111 Fed. 403; Zuggalla v. International Mercantile Agency, 142 Fed. 929, 74 C. C. A. 97; Re Chesapeake Oyster & Fish Co. (D. C.) 112 Fed. 960; Re San Gabriel Sanitarium Co. (D. C.) 95 Fed. 271; Re Surety & Guaranty Co., 121 Fed. 75, 56 C. C. A. 654; Re United States Hotel Co., 134 Fed. 229, 67 C. C. A. 153, 68 L. R. A. 588; Re Smith, 2 Lowell, 69, Fed. Cas. No. 12,981; Re Kimball (C. C.) 7 Fed. 469; Re White Star Laundry Co. (D. C.) 117 Fed. 570; Re Troy Laundry Co. (D. C.) 132 Fed. 266; In re Snyder & Johnson Co. (D. C.) 133 Fed. 806; Re Keystone Coal Co. (D. C.) 109 Fed. 872; Re Pacific Coast Warehouse Co. (D. C.) 123 Fed. 749; Re New York Ice Co., 147 Fed. 214, 77 C. C. A. 440; First Nat. Bank v. Wyoming Valley Ice Co. (D. C.) 136 Fed. 466; Philpot v. O'Brion, 126 Fed. 167, 61 C. C. A. 111, s. c., 196 U. S. 643, 25 Sup. Ct. 785, 49 L. Ed. 632.

The clerk is directed to enter a judgment in favor of the defendant upon the issue joined by the petition and answer concerning the principal business of the bankrupt, and thereupon to dismiss the petition for want of jurisdiction.