*463 OPINION.
Love.'
In the first issue petitioner, the G. Angelo Co., claims to be a personal service corporation and, therefore, it is exempt from taxation as a corporation as provided in section 200 and section 218 (e) of the Revenue Act of 1918. The provisions of section 200 material to the issue are as follows:
The term “ personal service corporation ” means a corporation -whose income is to bo ascribed primarily to the activities of tbe principal owners or stockholders who are themselves regularly engaged In the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of who.se gross income consists cither (1) of gains, profits or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.
The statute expressly excludes from the term “personal service corporation” any corporation 50 per cent or more of whose gross *464 income consists of gains, profits or income derived from trading as a principal. We will consider first the question whether petitioner is a trader as a principal. If so, that is an end to the issue. A trader is—
One who makes it his business to buy merchandise, or goods and chattels, and to sell the same for the purpose of making a profit. Bouvier’s Law Dictionary.
The weight of authority seems to be that the proper description of the business of a trader includes both buying and selling either goods or merchandise or other goods ordinarily the subject of traffic. In re New York & W. Water Co., 98 Fed. 711.
It is well settled that a trader or merchant is one who buys in order to sell. Gallagher et al. v. De Lancey Stables Co., 158 Fed. 381.
Nearly all of the gross income of petitioner was derived from the trading.
Petitioner was the fortunate possessor of a' form of good will due to the preference of their fellow countrymen to deal with the stockholders of petitioner. In addition the stockholders were qualified and were willing to exert themselves in selling to and collecting from small peddlers of bananas. In consequence, petitioner operated under an arrangement with an importer of bananas whereby petitioner was allowed 5 per cent from the amount of its purchases. The importer was a wholesaler of the fruit and its regularly quoted prices established the prices at which petitioner sold to its customers and also at which petitioner was invoiced for its purchases, it being understood, as stated, that the purchases were subject to the allowance of the 5 per cent “ discount ” or “ commission.” These so-called “ commissions ” constituted practically all of the gross income of petitioner. It is admitted by petitioner and also is in evidence that the importer of the fruit billed petitioner for all purchases and petitioner was financially responsible for them, assuming all risks incident to resales to its customers. There is a certain amount of evidence of close cooperation between the importer and petitioner, and of intention to allow petitioner not less than commission rates of about 3 per cent after taking care of bad debts, nevertheless we do not find anywhere in the record a basis for a conclusion that petitioner was relieved of its liability for its purchases or that its relation was other than a buyer of the bananas. Petitioner acted solely on its own behalf as a principal and it bought and sold the bananas for its own account and at its own risk. It was trading as a principal, consequently it is expressly excluded from the exemption provided in section 218 (e) for “personal service corporations.”
*465 The second issue is in the alternative. Petitioner, the G., Angelo Co., claims the right to the deduction of a reasonable allowance for salaries or other compensation for personal services actually rendered by the stockholders, as provided in section 234 (a) (1) of the Revenue Act of 1918. It appears that the stockholders, all of whom were active in the conduct of the affairs of the corporation, believed this close corporation to be a personal service corporation, and they failed to authorize or to pay or accrue, compensation as such for their services. However, dividends were declared and paid, and petitioner proposes that we allocate in each year so much of the dividends as appears reasonable for salaries and permit the deduction of such allowances from income for the purpose of computing net income. Inasmuch as the statutory provision for the deduction of the salaries is coupled with the requirement that they shall have been paid or accrued during the taxable year the proposed allowance is unwarranted. Cf. M. J. McCabe Co., 1 B. T. A. 57; When Clothing Co., 1 B. T. A. 973.
In the third issue petitioner claims the right to a comparison with representative concerns as provided under sections 327 and 328 of the Revenue Act of 1918. We believe that the total absence of salaries to the stockholders whose personal activities were so instrumental in producing the income of petitioner creates in this case somewhat of an abnormality of income. Petitioner should have full benefit, if any, afforded by the computations provided under section 328. See J. H. Guild Co., 11 B. T. A. 914.
Further proceedings will be had wider Buie 62 (c).