In re CAMERON TOWN MUT. FIRE, LIGHTNING & WINDSTORM INS. CO.

(District Court, W. D. Missouri, W. D. June 12, 1899.)

INVOLUNTARY BANKRUPTCY—CORPORATIONS—INSURANCE COMPANY.

A petition in involuntary bankruptcy cannot be maintained against an incorporated mutual fire insurance company organized under the act of the Missouri legislature approved March 21, 1895; such a corporation not being "engaged principally in manufacturing, trading, or mercantile pursuits," within the meaning of Bankruptcy Act 1898, § 4b, and therefore not being amenable to the statute.

In Bankruptcy

New & Krauthoff, for petitioning creditors.

PHILIPS, District Judge. This is a proceeding in involuntary bankruptcy. Various creditors of the alleged debtor have filed a petition to have said company declared a bankrupt. The petition alleges that said company "is a corporation engaged principally in mercantile pursuits," and alleges, as the ground of the proceeding, that said company committed an act of bankruptcy, in that it made an assignment for the benefit of its creditors to one O. H. Coppinger. The company appeared and filed answer, alleging that its principal place of business is in Kansas City, Mo. It admits that it did make a general assignment for the benefit of all creditors to said Coppinger, in due form, filed in the circuit court of Jackson county, Mo., and that said assignee had qualified and taken charge of said property, and is proceeding to administer the same under the state statute. It denies that it was or is a corporation engaged principally in mercantile pursuits; and further pleads that it is a corporation organized and incorporated under an act of the general assembly of the state of Missouri approved March 21, 1895, found in the Session Acts of the State of Missouri for 1895 (page 200); that under and by virtue of said act it was incorporated for the sole purpose of mutually insuring the property of its members, and for the purpose of paying any losses incurred by any member, by assessments, as provided by its constitution and by-laws, and for no other purpose whatever; and denies its liability to be declared a bankrupt under the bankruptcy act. No jury having been demanded by the defendant, by consent of both parties the question of law involved is submitted to

the court for its determination without first referring the case to the referee.

Without presenting any evidence, it is admitted before the court by both parties that the deed of assignment was made by said company to said Coppinger within four months next preceding the filing of the petition herein, and that the defendant is a corporation organized under said act of the legislature of the state of Missouri, and was doing only such business as was authorized by said act. The sole question, therefore, for the determination of the court, is whether or not such corporation is amenable to the bankruptcy law. Bankruptcy Act, § 4b, provides that "any corporation engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits, owing debts to the amount of $1,000.00 or over, may be adjudged an involuntary bankrupt." By the act of the legislature of Missouri under which this concern was incorporated, it is expressly provided that it is "organized for the sole purpose of mutually insuring the property of members, and for the purpose of paying any loss incurred by any member thereof by assessment, as provided by their constitution and by-laws." The act further exempts the company from the provisions of the insurance laws as mentioned in chapter 89 of the Revised Statutes of Missouri of 1889, and that nothing therein shall be so construed as to impair or in any manner interfere with any rights of any such companies doing a mutual insurance business in towns and cities of this state as therein provided. It is conceded by counsel for the petitioners that, unless the company is engaged principally in "mercantile pursuits," the petition should be dismissed. It is to be observed, in the first place, that the present bankruptcy act, in this respect, is radically different from the corresponding provision of the bankruptcy act of 1867. Section 37 of that act provided "that the provisions of this act shall apply to all moneyed business or commercial corporations, and joint-stock companies." It may be conceded for the purposes of this case that the Cameron Town Mutual Fire, Lightning & Windstorm Insurance Company might have been proceeded against in bankruptcy, under the act of 1867, as "a moneyed business corporation"; but the provision of the present bankruptcy act in this particular is much more restricted, and is limited expressly to corporations "engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits." Can it be said that a company "organized for the sole purpose of mutually insuring the property of the members, and for the purpose of paying any loss incurred by any member thereof by assessment," is principally engaged in a mercantile pursuit? When the legislature changed the statute from "moneyed business or commercial corporations" to the language "principally engaged in mercantile pursuits," it is to be presumed it was done for a purpose. The word "mercantile," in its ordinary acceptation, pertains to the business of merchants, and has "to do with trade or the buying and selling of commodities." A merchant is one who traffics, or who buys and sells goods or commodities. He would be a merchant if his business consisted in buying without selling, and he might be a merchant by simply selling. The term "mercantile pursuit" necessarily carries with it the idea of traffic,—the buying of

something from another, or the selling of something to another,—— and is allied to trade. This concern has nothing in its business of the character of mercantile pursuit. It can only insure the property of its own members, and raise the money for paying losses by assessments upon its members. It has no other property than that thus derived, and this property would consist in moneys or notes paid in by the members assessed for the paying of losses sustained by its members. This fund, when received, is an especial trust fund, that cannot be otherwise diverted or appropriated. It has no power to purchase or sell property of any kind, or to engage in any commercial enterprise. And, as disclosed on the face of the petition in this case, the only assets it has, or could lawfully have, would be policies issued to its members, or notes and moneys representing assessments, which are not commercial liabilities, and are neither bought nor sold. The presumption must be indulged, on these pleadings and the statement of counsel, that the corporation has confined its operations and business within the limits of the law under which it was organized. Such a concern, in the opinion of the court, is not engaged principally in mercantile pursuits, and the petition must therefore be dismissed.