## In re CHICAGO-JOPLIN LEAD & ZINC CO.

(District Court, W. D. Missouri, W. D.   October 10, 1900.)

1. BANKRUPTCY—CORPORATIONS—NATURE OF BUSINESS.

   To sustain proceedings in involuntary bankruptcy against a corporation, under Bankr. Act 1898. § 4b, it must be both alleged and proved not only that the corporation is authorized by its charter to carry on one of the kinds of business enumerated in the act, but that it is in fact "engaged principally" in such business.

2. SAME—MINING CORPORATION—INCIDENTAL BUSINESS.

   Quaere, whether the fact that a mining corporation buys or sells ore in connection with its business of mining renders it a trading corporation, subject to involuntary proceedings in bankruptcy, under Bankr. Act 1898, § 4b.

In Bankruptcy. Hearing on petition in involuntary bankruptcy.

Cole & Burnett, Galen & Spencer, and Bason & Buckley, for petitioners.

H. W. Currey, for defendant.

PHILIPS, District Judge. Certain alleged creditors of the Chicago-Joplin Lead & Zinc Company, a corporation, have filed a petition against the corporation in involuntary bankruptcy. The petition alleges that this corporation is "engaged principally in manufacturing, trading, and mercantile pursuits." The defendant, by its answer, denies that it is a corporation "engaged principally in manufacturing, trading, and mercantile pursuits, or any one of them." The answer further avers "that it is a corporation engaged solely, alone, and exclusively in the mining business." The petitioners filed a general replication. On this state of the pleadings the petitioners have submitted the case to the court on the sole evidence of the articles of association of the defendant company. These articles declare the purposes of the organization to be for "prospecting, mining, buying and selling ore, and smelting the same." The bankrupt act (section 4b) limits the corporations which may be put into bankruptcy to such as are "engaged principally in manufacturing, trading, printing, publishing or mercantile pursuits." Without stopping to consider the exact distinction between the terms "trading" and "mercantile pursuits," it may be con-

ceded that, if the defendant company was engaged principally in buying and selling ore, it was engaged in trading, within the meaning of the statute. But if it was engaged principally, and especially so if engaged exclusively, in mining, then it was not engaged principally in trading or mercantile pursuits, within the meaning of the statute. It was held by Judge Carland, in this court, recently, in Re Victoria Zinc-Min. Co. (oral opinion), that a mining company is not subject to an involuntary proceeding in bankruptcy. The correctness of this ruling is conceded by petitioners' counsel. Their sole contention is that, inasmuch as the charter of the company authorized it to buy and sell ore, it fixed upon the company the character of a trader, regardless of the question of fact as to whether or not it did engage solely in prospecting, mining, or smelting. This contention loses sight of the fact that it is the principal business in which the company was indeed engaged—that it is what, in fact, it was doing—which characterized it as a trader or merchant, rather than what it might have done within the provisions of its articles of association. It might have had the power to buy and sell goods, or corn and wheat, or stocks and bonds, in addition to operating as a mining company; but if, in fact, it did not exercise the privilege of dealing in goods and grain and stocks and bonds, how could it be said that it was "principally engaged" in such business? In other words, as the charter authorized the defendant to do various things, some of which, if pursued, would render it liable to an involuntary proceeding in bankruptcy, and some of which would not subject it to such liability, ought not the petition in involuntary bankruptcy to allege affirmatively that the defendant was principally engaged in the particular pursuit which brought it within the statute? For illustration, where a statute gives a right of action, and the same section conferring the right contains a material exception, the petition should be so framed as to show that the defendant is not within the exception. So, where a proviso is contained in the body of the instrument sued on, "it must be noted and the liability shown in consistency with it." Gould, Pl. 4, §§ 19, 20. This rule the petitioners have observed by averring that the defendant was "engaged principally in manufacturing, trading, and mercantile pursuits." This the defendant denies. The burden of proof rests upon the petitioners. As already stated, the only evidence offered in support of the petition is the articles of association, which do not limit the powers of the defendant to "buying and selling ore," but extend the right to do other things, which do not constitute the defendant either a trader or merchant or manufacturer. The proof must be restricted to, and be as broad as, the allegation. The petitioners were put on notice by the distinct denials and averments of the answer as to what the real issue was. The fact that the petitioners declined to present any direct evidence on this distinct and vital issue as to the principal business in which the company was engaged satisfies the court that they are conscious of the nonexistence of the requisite proof. While it is to be presumed that the defendant company was conducting its business within its charter, yet, as it was authorized to do a variety of things, the pursuit of some of which would subject it to the operation of the bankrupt law, and the pursuit

of the others would not, no presumption can arise that the defendant was "principally engaged" in the exercise of the particular grant which would subject it to the operation of the bankrupt law. And even if, in connection with the defendant's mining business, it had incidentally bought and sold ore, it is very questionable whether that would make it a trader, within the true intent of the bankrupt act. See In re New York & W. Water Co. (D. C.) 98 Fed. 711–714. It results that the petition is dismissed.