### In re ORIENTAL SOCIETY.

(District Court, E. D. Pennsylvania.  December 1, 1900.)

#### No. 798.

BANKRUPTCY—CORPORATIONS SUBJECT TO ACT—THEATRICAL COMPANIES.

A corporation incorporated for the purpose of giving theatrical performances, and engaged solely in such business, is not one "engaged principally in trading or mercantile pursuits," and cannot be adjudged an involuntary bankrupt, under Bankr. Act 1898, § 4b.

In Bankruptcy.  On rules to vacate restraining order and appointment of receiver.

Julius C. Levi, for petitioning creditors.
Adolph Eichol, for execution creditors.

McPHERSON, District Judge.  A petition was recently filed asking for an adjudication against the Oriental Society, and at the same time a receiver was appointed, and an order granted restraining certain creditors from proceeding with executions against the society's personal property. These creditors now move to vacate the order and to set aside the appointment, on the ground that the society is "a corporation incorporated for the purpose of giving theatrical performances, and is engaged solely in said business." This averment is admitted to be true, and the question, therefore, to be decided is whether such a society falls within the provision of section 4. Is it a "corporation engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits"? It seems to me that to ask this question is to answer it. A corporation engaged in giving theatrical performances is, of course, not engaged in manufacturing, printing, or publishing. In my opinion, also, it is clearly not trading or following mercantile pursuits, in the ordinary meaning of these words. A trader or merchant is one who either sells, or buys and sells, and a theatrical society does neither. It gives performances, of one kind or another, to which the public are attracted by the skill of the performers. But the skill is not sold; it is merely exhibited for hire. The fact that the society must buy scenery and stage appliances and furniture, which it may afterwards sell again,

is of no importance. This is a mere incident, and not the principal business of the bankrupt.

The rules are made absolute, the restraining order is vacated, and the appointment of the receiver is revoked.