In re WOODSIDE COAL CO.

(District Court, E. D. Pennsylvania. December 3, 1900.)

No. 591

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—MINING CORPORATION.

    A corporation whose sole business is the mining of coal and preparing and shipping the same to market is not engaged in trading or mercantile pursuits, within the meaning of Bankr. Act 1898, § 4, cl. "b," and cannot be adjudged a bankrupt.

In Bankruptcy. On motion by bankrupt to set aside adjudication and dismiss petition.

Conard & Middleton, for petitioning creditors.

R. H. Koch and D. W. Kaercher, for other creditors.

McPHERSON, District Judge. The bankrupt having moved to set aside the adjudication on the ground that a coal-mining company is not a corporation principally engaged in manufacturing, trading, or mercantile pursuits (section 4, cl. "b," Act 1898), the question was referred to the referee, who decided in favor of the motion. The

relevant facts are that the bankrupt is a Pennsylvania corporation, chartered for the purpose of "mining and quarrying coal and preparing and shipping the same to market," and that its sole business has been the carrying out of this purpose. Upon these facts I am of opinion that the decision of the referee was right, and that the petition must be dismissed.

That a mining company is not engaged in manufacturing, within the ordinary meaning of this word, has been several times decided, and I agree with the correctness of the ruling. Whether a mining company is not engaged in trading—using that word in a large sense —may, perhaps, admit of more doubt, and I am not sure how I might decide that question if the point arose now for the first time. But the question has already been decided in three cases that arose in other districts, and I am unable to reach a clear conviction that a different conclusion should have been reached. In view of the advisability of uniformity in decision, so far as uniformity may be attainable, I shall therefore follow my Brethren who have already considered this question and have decided that a mining company is not engaged in trading or mercantile pursuits. In re Elk Park Min. & Mill. Co. (D. C.) 101 Fed. 422: In re Rollins Gold & Silver Min. Co. (D. C.) 102 Fed. 982; In re Chicago-Joplin Lead & Zinc Co. (D. C.) 104 Fed. 67. See, also, the analogous cases In re Cameron Town Mut. Fire, Lightning & Windstorm Ins. Co. (D. C.) 96 Fed. 756, and In re New York & W. Water Co. (D. C.) 98 Fed. 711. Contra, In re San Gabriel Sanatorium (D. C.) 95 Fed. 271.

It may, perhaps, be worth suggesting that, although mining companies are in some sense engaged in trade, nevertheless they belong so plainly to a distinct class of trading corporations that they are almost always specifically named in any statute that is intended to embrace them. Failure to name them, therefore, raises a presumption of some force that they were not in the legislative view.

The adjudication is set aside, and the petition in bankruptcy is dismissed.