## In re FULTON CLUB.

### (District Court, N. D. Georgia. February 8 1902.)

BANKRUPTCY—SOCIAL CLUB.

> An incorporated club whose principal object is social intercourse, any business conducted by it being merely incidental, is not "engaged principally in * * * trading," and is not the subject of involuntary bankruptcy.

Petition for Involuntary Bankruptcy.

Mayson, Hill & McGill, for petitioning creditors.

Kilpatrick & McClelland, Slaton & Phillips, and J. H. Gilbert, for objecting creditors.

NEWMAN, District Judge. A petition has been filed by certain creditors, asking that the Fulton Club of Atlanta be declared an involuntary bankrupt. Creditors having adverse interests have raised the question as to whether or not this club is the subject of involuntary bankruptcy. The charter of the club, and the evidence offered as to the manner in which it is conducted, all go to show that it is a social club, its principal object is social intercourse, and any business conducted by it is a mere incident. Being a corporation, it is conceded by counsel for the parties that, as it clearly does not come within any of the other classifications (section 4b), it must be "engaged principally in * * * trading." This cannot be said of it. Such trading (if it can be called trading) as was carried on by this club was only among its members, was not for gain, and was a mere feature of

the club, and not its main purpose. It must be held not to be the subject of involuntary bankruptcy, and the petition against it will be dismissed.