## In re TONTINE SURETY CO. OF NEW JERSEY.

(District Court, D. New Jersey. May 26, 1902.)

1. BANKRUPTCY—CORPORATIONS—TRADING OR MERCANTILE PURSUITS.

A corporation is not subject to proceedings in involuntary bankruptcy, under Bankr. Act 1898, § 4b, as one engaged principally in trading or mercantile pursuits, because authorized to engage in such pursuits by its charter, when it has never in fact been so engaged.

2. SAME.

To be a trader or to engage in a mercantile pursuit, within the meaning of Bankr. Act 1898, § 4b, a corporation must both buy and sell; and a company authorized by its charter to deal in diamonds, and which entered into contracts by which it agreed to deliver a diamond to the holder, at his option, on his payment of a certain sum in installments, but which never qualified itself to perform on its part, and never purchased, owned, or delivered a diamond, is not engaged in trading or mercantile pursuits, so as to be subject to proceedings in involuntary bankruptcy.

In Bankruptcy. On petition in involuntary bankruptcy.

Hunt, Hill & Betts, for petitioners.

Raymond Dawson, for respondent.

KIRKPATRICK, District Judge. A petition has been filed in this court, by a sufficient number of persons, praying that the Tontine Surety Company of New Jersey be adjudged a bankrupt; alleging that within four months prior thereto the corporation had committed an act of bankruptcy by making a general assignment for the benefit of its creditors, under the insolvent laws of the state of New Jersey. Certain creditors have answered the petition, objecting to such adjudication upon the ground, among others, that the said company is not engaged principally in trading and mercantile pursuits, as required by section 4, subd. "b," Act 1898.

For the purpose of avoiding the necessity of a trial upon the issues of fact presented by the pleadings, the parties, by their respective attorneys, have consented and agreed on a statement of facts, the truth of which each admits, to wit: First, that the Tontine Surety Company of New Jersey was formed under the general corporation act of New Jersey, with powers contained in its certificate of incorporation, and that said company on July 19, 1901, made a general assignment for the benefit of its creditors, which assignment was recorded in the office of the register of Hudson county, N. J., on the 27th day of July, 1901; second, that the business of the said Tontine Surety Company was transacted under and pursuant to contracts issued by it, a copy of which contract is annexed to the said stipulation, which is admitted in its entirety on the question at issue,—as to whether or not such company is such a corporation as may be adjudged a bankrupt. It is also admitted that the said company never did, in fact, buy, own, or deliver diamonds or merchandise of any kind whatever. An inspection of the prospectus of the company, annexed to and made part of the stipulation, shows that the company

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

116 F.—26

tendered itself as being willing to write a mercantile contract which would entitle the holder thereof to buy a diamond for $100, to be paid for in 80 weekly installments, of $1.25 each, subject to certain conditions set forth in the contract, and stipulate that after the payment of said 80 installments the buyer shall have the option either to take the diamond, or to receive $120 in cash. But as appears in the stipulation, the company itself never took any steps to qualify itself to fulfill its part of the contract, and never purchased, owned, or delivered a diamond of any kind; nor did it have an existence for a sufficient length of time to entitle any one to receive the cash value, according to the contract, for the money paid into its treasury. In the case of In re New York & W. Water Co. (D. C.) 98 Fed. 711, Judge Brown was called upon to interpret the section of the statute which is now before this court; and he there held that, notwithstanding the fact that by its charter the corporation sought to be adjudged a bankrupt had the authority to engage in a business which would bring it within the terms of the statute, yet, unless it had in fact so engaged in business, the court was without jurisdiction. In discussing the question as to what corporations were within the purview of the law, Judge Brown cites many definitions laid down by the leading lexicographers, and concludes that by the weight of authority the proper description of the business of a trader includes both buying and selling either goods or merchandise which are ordinarily the subject of traffic, and that by "mercantile pursuits" is meant the buying and selling of goods or merchandise, or "dealing in the purchase and sale of commodities," and that, too, not occasionally or incidentally, but habitually, as a business. It is apparent that it was the intention of congress to exempt from the provisions of the bankrupt act all corporations save those whose principal business was that included within the exemption; in other words, all corporations whose principal business was not that of the ordinary trader, or natural persons engaged in mercantile pursuits. I am of the opinion that this company is not within the provisions of the bankrupt act; for, whatever may be its powers under its charter, it is admitted by the stipulation that it never did, in fact, buy, own, or deliver merchandise of any kind. As has been said before, to be a trader or to be engaged in a mercantile pursuit, one must both buy and sell.

For this reason, then, the petition should be dismissed.