### In re WHITE STAR LAUNDRY CO.

(District Court, E. D. Wisconsin. August 23, 1902.)

1. BANKRUPTCY—OCCUPATIONS—JURISDICTION—CHARACTER OF BUSINESS—LAUNDRY.

> The business of a laundry is not within Bankr. Act, § 4, giving the federal courts jurisdiction over corporations for an adjudication of bankruptcy when they are "engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits."

In Bankruptcy.

In the matter of the White Star Laundry Company, an alleged bankrupt. Petitioning creditors sought an adjudication in bankruptcy, and the answer raised an issue whether the business of the corporation was within the provisions of the act. Petition dismissed.

Fish & Gillen, for petitioning creditors.

Cooper, Simmons, Nelson & Walker, for the alleged bankrupt.

SEAMAN, District Judge. The White Star Laundry Company, a corporation, has made a voluntary assignment, and an adjudication of bankruptcy is sought by petitioning creditors. The answer denies the allegations of the petition as to the business of the corporation, and alleges that its sole business has been to receive clothing and other articles of other parties to be cleaned and laundered, and perform "the manual and mechanical work of laundering or cleaning the same," and that it was merely "operating and conducting the usual business of a laundry." No replication is filed, and the issue is submitted on the facts so stated in the answer. Jurisdiction over corporations for an adjudication of bankruptcy exists only when they are "engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits" (section 4), and the sole question is, whether the business of a laundry, so described, is within either of these classifications. Definitions under the act of 1867 furnish little aid in the solution, as "all moneyed, business or commercial corporations

---

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

and joint-stock companies" were there included, and the decisions under the present act are not entirely harmonious. As the provision in question relates alone to involuntary adjudication of bankruptcy, and intends to take from the corporation, or its assignee under the voluntary assignment, all control over the corporate property and affairs, the case must "be well defined in the law" to bring it within such provision (Wilson v. City Bank, 17 Wall. 473, 482, 21 L. Ed. 723); and unless the laundry business is fairly within one or the other of these classifications,—is either (1) "manufacturing," (2) "trading," or (3) a "mercantile pursuit,"—this corporation is not subject to adjudication as a bankrupt.

1. The terms "manufacture" and "manufacturing" have well-recognized interpretations (see citations in Coll. Bankr. [3d Ed.] 51), which are clearly inapplicable to the business under consideration; and those given in Lawrence v. Allen, 7 How. 785, 794, 12 L. Ed. 914, People v. Roberts, 155 N. Y. 408, 412, 50 N. E. 53, 41 L. R. A. 228, and Dudley v. Aqueduct Corp., 100 Mass. 183, 184, mark the distinction. Indeed, under the present act, it has been held that corporations principally engaged in mining were not manufacturing corporations, nor engaged in trading or mercantile pursuits. In re Elk Park Mining & Milling Co. (D. C.) 101 Fed. 422, 4 Am. Bankr. R. 131; McNamara v. Helena Coal Co., 5 Am. Bankr. R. 48, 51; In re Rollins Gold & Silver Min. Co. (D. C.) 102 Fed. 982, 986; In re Chicago-Joplin Lead & Zinc Co. (D. C.) 104 Fed. 67; In re Woodside Coal Co. (D. C.) 105 Fed. 56, 5 Am. Bankr. R. 186; In re Keystone Coal Co. (D. C.) 109 Fed. 872. In re Tecopa Mining & Smelting Co. (D. C.) 110 Fed. 120, recognizes the same rule in reference to mining, but holds that smelting operations are manufacturing.

2. Is the business of the corporation either trading or mercantile? This inquiry is satisfactorily discussed and decided in the opinion by Judge Brown in Re New York & Westchester Water Co. (D. C.) 98 Fed. 711, 3 Am. Bankr. R. 508, in reference to a corporation supplying water to municipalities and individuals, and receiving "large rentals" from such customers. On the definitions and authorities there cited, the business was held to be neither trading nor mercantile, and the petition was dismissed. On appeal, the ruling was affirmed upon the opinion below. Coll. Bankr. 53. The cases above cited of mining corporations adopt like view, and In re Cameron Town Mut. Fire, Lightning & Windstorm Ins. Co. (D. C.) 96 Fed. 756, 2 Am. Bankr. R. 372, holds that the business of insurance is not within the provision. See, also, In re Chesapeake Oyster & Fish Co. (D. C.) 112 Fed. 960, and In re Fulton Club (D. C.) 113 Fed. 997, for strict constructions in the same line. Two cases are cited—In re San Gabriel Sanatorium Co. (D. C.) 95 Fed. 271, and In re Morton Boarding Stables (D. C.) 108 Fed. 791—which tend to more liberality in the interpretation of the provision; but the weight of authority is the other way, and I am of opinion that the true doctrine is stated in the Water Supply Case, above mentioned, and, irrespective of any view which may be taken of its application in one or the other of the cases cited above, that the business of this corporation described in the answer is neither principally "trading" or "mercantile," nor within

any recognized definition of those terms in any feature therein mentioned.

The case, therefore, is not within the bankruptcy jurisdiction, and the petition is dismissed.