In re SURETY GUARANTEE & TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

No. 895.

**1. BANKRUPTCY—CORPORATIONS—PRIVATE BANKERS.**
A corporation incorporated under the laws of a state cannot be adjudged an involuntary bankrupt as a "private banker," under Bankr. Act 1898, § 4b (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]).

**2. SAME—TRADING AND MERCANTILE PURSUITS—DEALING IN STOCKS.**
The words "trading" and "mercantile pursuits" are used in Bankr. Act 1898, § 4b (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]) in their technical sense; and a corporation engaged in buying and selling stocks, bonds, and other securities cannot be adjudged an involuntary bankrupt as a trader, or as engaged in mercantile pursuits.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Illinois in Bankruptcy.

This is an original petition, filed in this court by the Surety Guarantee & Trust Company, pursuant to section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), to review the action of the District Court of the United States for the Northern District of Illinois, sitting in bankruptcy, in overruling the demurrer of the petitioner to an amended petition filed by certain of its creditors for its adjudication as a bankrupt. The allegation of the petition upon which rests the decision of this court, is as follows: "That the Surety Guarantee & Trust Company of Chicago, Illinois, a corporation organized and existing under and by virtue of the laws of the state of West Virginia, has for the greater portion of six months next preceding the date of filing the original petition herein had its principal place of business in the city of Chicago, county of Cook, and state and district aforesaid, and was on said date engaged principally in trading pursuits and as a private banker; that said trading pursuits consisted in the buying and selling of stocks, bonds, and other securities; that said the Surety Guarantee & Trust Company was on said date a private banker; and that it did on said date owe debts to the amount of one thousand dollars."

John F. Greeting and Richard F. Towne, for appellant.
Rush C. Butler, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts as above, delivered the opinion of the Court.

The demurrer presents two questions: (1) Can an incorporated company be a "private banker" within the intendment of the bankruptcy act? and (2) Is the buying and selling of stocks, bonds, and other securities a "trading pursuit" within the meaning of the act?

The bankruptcy act (30 Stat. c. 541, § 4b [U. S. Comp. St. 1901, p. 3423]) provides:

"Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any corporation engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

trial, and shall be subject to the provisions and entitled to the benefits of this act. Private bankers, but not national banks or banks incorporated under state or territorial laws, may be adjudged involuntary bankrupts."

1. The record does not disclose the act of incorporation of the petitioner, or the powers thereby conferred, or the purposes for which it was incorporated. It is proper for us, therefore, to assume that the business in which it is charged to have been engaged was within the powers conferred by its charter. We may not assume that it acted in violation of the law of its creation. When, therefore, it is charged to have been engaged in the business of banking, it is rightly to be assumed that it was so authorized by its charter. Can then a corporation incorporated under state laws be deemed or held to be a "private banker" as that term is employed in the act? If banking powers were conferred upon the petitioner by its charter, it clearly cannot be adjudged an involuntary bankrupt; for by the express provision of the latter clause of the section it is provided that it may not be.

Can any corporation be a "private banker" within the meaning of the act? This term had long before the passage of the bankruptcy law received a definite and settled meaning. A private banker is a person or firm, not a corporation, engaged in banking without having special privileges or authority from the state. People v. Doty, 80 N. Y. 225, 228; Perkins v. Smith, 116 N. Y. 441, 448, 23 N. E. 21. It is said that the business of banking, except in the issuance of circulating notes, is a common-law privilege belonging as of right to every citizen. This is true, subject perhaps to control and regulation by the state (Perkins v. Smith, supra; State v. Woodmansee, 1 N. D. 246, 46 N. W. 970, 11 L. R. A. 420; Morse on Banks and Banking, § 13), and possibly to prohibition by the state (Myers v. Irwin, 2 Serg. & R. 368), although the doctrine of state control is denied in State v. Scougal, 3 S. D. 55, 51 N. W. 858, 15 L. R. A. 477, 44 Am. St. Rep. 756. But a corporation has not the common-law rights of an individual, only those corporate powers which are conferred upon it by the state, and it can do no act and make no contract except such as are authorized by its charter. Bank of Augusta v. Earle, 13 Pet. 519, 10 L. Ed. 274. Therefore it is that the term "private banker" has definite signification, and is applied only to individuals or to a firm, and does not comprehend corporations. The term having received such settled and definite meaning at the time of the bankruptcy act, Congress must be assumed to have used the term in that sense; no other or different meaning being stated. Stephenson v. Higginson, 3 H. L. Cas. 638; Perkins v. Smith, supra. We are of opinion that the "private banker" of the bankruptcy act does not include a corporation.

2. Is the buying and selling of stocks, bonds, and other securities a "trade pursuit" within the meaning of the bankruptcy act? In a popular sense trade comprehends every species of exchange or dealing. It is, however, chiefly used to denote barter by purchase and sale of goods, wares, and merchandise, either at wholesale or at retail. A trader is "one who makes it his business to buy merchandise or goods and chattels and to sell the same for the purpose of making

profit." Bouvier, vol. 2, p. 741. The opinion in the case of In re New York & Westchester Water Company (D. C.) 98 Fed. 711 (affirmed on appeal sub. nom. In re Morris, 43 C. C. A. 91, 102 Fed. 1004), contains an able and lucid review of the definition of the term as known to the law, and declares that "the business of a trader includes both buying and selling, either goods or merchandise, or other goods ordinarily the subject of traffic," and that the term "mercantile pursuits" means "the buying and selling of goods or merchandise or dealing in the purchase and sale of commodities." The term "goods" means articles of trade, commodities, wares, merchandise. Under the bankruptcy law of England it was ruled that dealing in shares in joint-stock companies was not trading within the meaning of the law. In re Cleland, L. R. 2 Ch. App. 466. And so likewise it was held under the national bankruptcy act of 1867. In re Woodward, 8 Ben. 563, Fed. Cas. No. 18,001. We are constrained to agree with these opinions. The present act is more restrictive than the act of 1867, and the term "trader" cannot be enlarged beyond its technical legal meaning. It has usually received such strict interpretation. Thus mining companies are held not to be traders. In re Elk Park Mining & Milling Company (D. C.) 101 Fed. 422; In re Rollins Gold & Silver Mining Company (D. C.) 102 Fed. 982; In re Chicago Joplin Lead & Zinc Company (D. C.) 104 Fed. 67; In re Woodside Coal Company (D. C.) 105 Fed. 56; In re Keystone Coal Company (D. C.) 109 Fed. 872; In re Tetopa Mining & Smelting Company (D. C.) 110 Fed. 120. So, also, insurance companies are held not to be traders. In re Cameron Town Mutual Fire, Lightning & Windstorm Ins. Co. (D. C.) 96 Fed. 756. The keeper of a saloon and restaurant (In re Chesapeake Oyster & Fish Co. [D. C.] 112 Fed. 960) and an incorporated club (In re Fulton Club [D. C.] 113 Fed. 997) are held not to be traders, although they dealt in the buying and selling of commodities. It was held in Re San Gabriel Sanatorium (D. C.) 95 Fed. 271, that a corporation maintaining a private hospital for consumptives is a trader, and in Re Morton Boarding Stables (D. C.) 108 Fed. 791, it was ruled that a corporation conducting boarding stables is a trader within the meaning of the act. These two cases seem to stand apart and not to be sustained by the weight of authority, and one of them is distinctly disapproved. We are inclined to hold that Congress employed the words "trader" and "mercantile pursuits" in the technical sense by which they were known to the law. If it be desirable that the provisions of the act should be extended to include the business of dealing in stocks and bonds, which now engages the time of many people, it must come about by legislative action, and not by the act of the court in enlarging the technical meaning of a term long known to and well defined in the law.

We must hold, therefore, that the petitioner was not a private banker or trader or engaged in mercantile pursuits within the meaning of the bankruptcy act; that the district court erred in overruling the demurrer to the petition; and such order must be reversed with a direction that it order that the demurrer be sustained. The clerk will certify this ruling to the court below.