### In re PARMELEE LIBRARY.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

Nos. 932, 933.

1. BANKRUPTCY—LIBRARY CORPORATION—INVOLUNTARY BANKRUPT.

    A library corporation, not engaged in manufacturing, trading, publishing, printing, or any mercantile pursuit, but the business of which is merely to circulate and loan its books through the state to subscribers and members paying a certain sum monthly to the library, cannot be adjudged an involuntary bankrupt, under Bankr. Act, § 4b [U. S. Comp. St. 1901, p. 3423], providing that a corporation engaged in manufacturing, trading, printing, publishing, or mercantile pursuits may be adjudged an involuntary bankrupt.

Appeals from the District Court of the United States for the Northern District of Illinois.

In Bankruptcy.

Frederick A. Brown, for appellant.

S. S. Gregory, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM. The Parmelee Library, a corporation of the state of Illinois, engaged principally in the business of carrying on a circulating library throughout that state, loaning its books to its

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

subscribers and members who pay a certain sum of money by the month or year to become members of or subscribers to its library, but which had not otherwise been engaged in either manufacturing, trading, publishing, printing, or mercantile pursuits, was, on the 20th day of August, 1902, upon petition of certain of its creditors, adjudged a bankrupt by the court below; from which adjudication the bankrupt, and also A. C. McClurg & Co., one of its creditors, appeal.

The question presented is whether the corporation is such a one as is comprehended within the terms of the bankruptcy act (30 Stat. c. 541, § 4b [U. S. Comp. St. 1901, p. 3423]), which provides that a corporation "engaged principally in manufacturing, trading, printing, publishing or mercantile pursuits" may be adjudged an involuntary bankrupt. The matter is ruled by our decision in the case of In re The Surety, Guarantee & Trust Company, 121 Fed. 73, announced at this term. In addition to the authorities referred to in the opinion in that case, we may call attention to the following: In re Oriental Soc. (D. C.) 104 Fed. 975; In re Mutual Mercantile Agency (D. C.) 111 Fed. 152; In re Philadelphia & L. Transp. Co. (D. C.) 114 Fed. 403; In re Tontine Surety Co. of New Jersey (D. C.) 116 Fed. 401; In re White Star Laundry Co. (D. C.) 117 Fed. 570. We are content to adhere to our ruling in the case referred to.

The decree of involuntary bankruptcy is reversed, and the causes are remanded to the court below, with a direction in each case to set aside the adjudication and to dismiss the petition.