In re EAGLE STEAM LAUNDRY CO. OF QUEENS COUNTY.

(District Court, E. D. New York. April 6, 1910.)

BANKRUPTCY (§ 72*)—CORPORATIONS—NATURE OF BUSINESS.

A corporation principally engaged in running a laundry is not subject to bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 17; Dec. Dig. § 72.*

What persons are subject to bankruptcy laws, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of bankruptcy proceedings against the Eagle Steam Laundry Company of Queens County. Application vacated, and proceedings dismissed.

See, also, 176 Fed. 740.

Wyckoff, Clarke & Frost, for claimant.

Robert McC. Robinson, for trustee.

CHATFIELD, District Judge. This corporation was engaged in conducting a laundry for the washing, starching, and ironing of clothing. They also had the rights and were beginning to conduct a dyeing, cleaning, and coloring business, and were engaged in some little other matters which might be called "manufacturing." But the principal business was that of laundering. A dyeing or carpet-cleaning business would fall in the same category, so far as the provisions of section 4b (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), as amended (Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1309]), are concerned.

While such a business is within the meaning of the term "mercantile pursuit" as this court understands the intent of Congress, nevertheless the determination of the Circuit Court of Appeals in this Circuit in the Case of the Kingston Realty Co., 160 Fed. 445, 87 C. C. A. 406, following In re N. Y. & W. Water Co. (D. C.) 98 Fed. 711, and the interpretation of the statute in the recent case of Toxaway Hotel Co. v. J. L. Smathers & Co. et al., 216 U. S. 439, 30 Sup. Ct. 263, 54 L. Ed. ——, decided by the United States Supreme Court February 21, 1910, establish the law in accordance with the decision of In re White Star Laundry Co. (D. C.) 117 Fed. 570. It must therefore be held that this court has no jurisdiction over the subject-matter of this proceeding, namely, a corporation principally engaged in running a laundry.

The adjudication must be vacated, and proceeding dismissed.