## In re KINGSTON REALTY CO.

(Circuit Court of Appeals, Second Circuit. February 17, 1908.)

No. 209.

1. BANKRUPTCY—CORPORATIONS—SUSCEPTIBILITY—NATURE OF BUSINESS.
The susceptibility of a corporation to bankruptcy depends on the business it actually transacts, and not on the business it is empowered by charter to do.
[Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

2. SAME—"MANUFACTURING"—CONSTRUCTION OF HOUSES.
A corporation engaged in constructing houses on its own land was not subject to adjudication as a bankrupt under Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended by Act Feb. 5, 1903, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1025), authorizing an adjudication against a corporation engaged principally in "manufacturing," the term "manufacturing" being used in its ordinary meaning, viz., the making of articles of commerce ordinarily the subject of bargain and sale, which does not include building or construction.

3. SAME—"TRADING"—"MERCANTILE PURSUITS."
A corporation engaged in buying and selling improved and unimproved real estate is neither engaged in "trading," nor "mercantile pursuits," within Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1025), authorizing adjudication in bankruptcy against a corporation so engaged, the term "trading" being used to indicate the business of buying merchandise or goods or chattels to sell again for profit, and the words "mercantile pursuits" as having to do with trade or commerce of or pertaining to merchants or the traffic carried on by merchants in commercial transactions, the buying and selling of goods or merchandise or dealing in the purchase and sale of commodities habitually as a business, neither term being sufficient to include a dealer in land.
[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 7053; vol. 5, pp. 4477, 4478.]

Appeal from the District Court of the United States for the Eastern District of New York.

For opinion below, see 157 Fed. 299.

W. H. Hamilton (Norman C. Conklin, of counsel), for appellant.
Beattys & Lamb (G. D. Beattys, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The only question presented upon this appeal is whether this corporation—the Kingston Realty Company—prior to the institution of these proceedings was engaged principally

in manufacturing, trading, and mercantile pursuits, and so is within the following provision of the bankrupt law:

"* * * any corporation engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, owing debts to the amount of one thousand dollars or over may be adjudicated an involuntary bankrupt." Section 4b, Act July 1, 1898, c. 541, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1025).

The certificate of incorporation of this company stated:

"The purposes for which it is formed are the purchasing, holding, improving by grading, paving, sewering, and construction of houses and other buildings, and the selling and leasing of real estate."

It is true that "the susceptibility to bankruptcy of a corporation does not depend upon its charter." Matter of Quimby (D. C.) 121 Fed. 139, quoted with approval by this court in Re Const. & Dry Dock Co., 130 Fed. 447, 64 C. C. A. 648. Whether it can be adjudged a bankrupt depends upon what it actually does, not what it is empowered to do.

The principal assets of the Kingston Realty Company are real estate, and it carried on a business amounting to $10,000,000 in three years, the general nature of which was as follows: It acquired many parcels of real estate, and improved them by the erection of buildings and otherwise. When improved it sold them and purchased other parcels which it likewise improved. It held some of its property and leased it. Sometimes it sold the vacant lots which it acquired. It purchased large amounts of materials for its buildings. It operated window frame factories and stone crushing and concrete making plants, most of the products of which it used in its operations. Some of its products, however, were sold to outside parties, and it sometimes bought and sold building materials. It operated a city hotel which it owned, and had at one time operated a summer hotel. But it did not appear that these last dealings were of magnitude as compared with the real estate operations. The principal business of the corporation, therefore, was that stated in its certificate of incorporation, although it engaged in some incidental, and possibly ultra vires, transactions. Its president, who was called in the bankruptcy proceedings testified:

"Q. Wasn't its principal business set forth in its articles of incorporation? A. Its principal business is set forth, and no doubt its principal business was that; but then it did lots of other business besides."

The corporation was a real estate company. Apparently it was not engaged in manufacturing or in trading or mercantile pursuits. One of these two propositions must then be established before the bankrupt law can possibly apply: (1) Building houses is manufacturing. (2) Dealing in real estate is trading or a mercantile pursuit. And even if one of these propositions be established, the basis for apportioning the business and determining what particular branch the corporation was principally engaged in is not obvious. But we need not consider that question unless and until it is reached.

Is the building of houses manufacturing? It strains the term to so use it. Goods, wares, and merchandise are manufactured; houses

are constructed. Houses are real estate. They are not articles of commerce, and the term "manufacturing" as used in the statute does not apply to their construction. "The distinction would seem to run along the line of those articles which are more or less fixed in place, and not ordinarily the subjects of bargain and sale as articles of commerce, as contradistinguished from those which are movable and ordinarily regarded as subjects of sale and manual transfer—articles of trade in the common course of mercantile business." Columbia Iron Works v. National Lead Co. (Court of Appeals, Sixth Circuit) 127 Fed. 99, 102, 62 C. C. A. 99, 102, 64 L. R. A. 645. If this corporation had been engaged in constructing houses upon other persons' land instead of upon its own, there might possibly be more ground for claiming that the statute applies. But it is held that construction companies are not engaged in manufacturing. Thus, in Butt v. MacNichol Const. Co., 140 Fed. 840, 842, 72 C. C. A. 252, the Court of Appeals for the Fourth Circuit said:

"It is commonly understood that corporations engaged in erecting houses and other buildings which require the raw material to be sawed, planed, fitted, and put together are construction, and not manufacturing, companies."

And in Re T. E. Hill Company, 148 Fed. 832, 834, 78 C. C. A. 522, the Court of Appeals for the Eighth Circuit said:

"It (the corporation) was of the class commonly known as 'construction companies,' and not within the usual definition of a manufacturer—namely, one 'engaged in the manufacture for sale of articles of commerce.'"

The second inquiry is whether dealing in real estate—the buying and selling of improved and unimproved properties—is either trading or a mercantile pursuit within the meaning of the statute. The words "mercantile pursuits" have in general a slightly broader significance than the term "trading." Trading is a mercantile pursuit; but all mercantile pursuits may not involve trading. But with respect to the present case the terms have practically the same meaning. If the buying and selling of real estate does not constitute trading, it does not constitute a mercantile pursuit. The distinction between these terms and their meanings as used in the bankrupt law is clearly stated by Judge Brown, in this circuit, in Re N. Y. & W. Water Co. (D. C.) 98 Fed. 711, at page 713:

"In Bouv. Law Dict. a trader is defined as 'one who makes it his business to buy merchandise or goods or chattels, and to sell the same for the purpose of making a profit.' Black, Law Dict. says: 'One whose business is to buy and sell merchandise or any class of goods deriving a profit from his dealings'; and the weight of authority seems to be, that the proper description of the business of a trader includes both buying and selling, either goods or merchandise, or other goods ordinarily the subject of traffic. * * * The words 'mercantile pursuits' may have a little broader signification than 'trading.' 'Mercantile' is defined by the Century Dictionary as having to do with trade or commerce; of or pertaining to merchants, or the traffic carried on by merchants; trading; commercial. It signified for the most part, the same thing as the word 'trading'; and by 'mercantile pursuits' is meant the buying and selling of goods or merchandise, or dealing in the purchase and sale of commodities, and that too not occasionally or incidentally, but habitually as a business. * * * These terms are restricted also to dealings in merchandise, goods, or chattels, the ordinary subjects of commerce."

And in Re United States Hotel Co., 134 Fed. 226, 67 C. C. A. 154, 68 L. R. A. 588, the Court of Appeals of the Sixth Circuit gives practically the same definitions:

"In the ordinary meaning of the term, 'a trader is one who makes it his business to buy merchandise or goods or chattels and to sell same for the purpose of making a profit.' 2 Bouv. Law Dict. 741. In Black's Law Dict. a trader is said to be 'one whose business is to buy and sell merchandise or any class of goods, deriving a profit from his dealings.' That one engaged principally in 'trading' is one whose chief business is to buy and sell for profit goods and chattels is well settled."

See, also, In re Pacific Coast Warehouse Co. (D. C.) 123 Fed. 749.

It will be observed that the same distinction between real and personal property involved in defining the term "manufacturing" arises in interpreting the terms "trading" and "mercantile pursuits." Dealing in articles of commerce—goods and merchandise—alone constitutes trading or a mercantile pursuit as those terms are used in the statute. A dealer in land is neither a trader nor a merchant.

For these reasons, we hold that this real estate corporation did not belong to the classes of corporations enumerated in the bankrupt law as subject to adjudication in bankruptcy.

The decision of the District Court is reversed, with costs.