### In re WENTWORTH LUNCH CO.

(Circuit Court of Appeals, Second Circuit. March 16, 1908.)

#### No. 213.

1. BANKRUPTCY—PERSON SUBJECT TO ADJUDICATION—RESTAURATEUR.

A corporation engaged in operating a restaurant is not subject to adjudication as a bankrupt, under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], authorizing an adjudication against any corporation engaged principally in "manufacturing"; a cook not being regarded as a manufacturer within the meaning of the term as so used.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4346-4358.

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank of Mattoon, Ill., v. First Nat. Bank of Mattoon, Ill., 42 C. C. A. 4.]

2. SAME—"TRADER."

A corporation engaged in operating a restaurant is not a "trader," within Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], authorizing an adjudication against a corporation engaged in trading; a "trader," within such section, being a person who buys goods to sell again without change of form or condition by combination and cooking, as in the case of a restaurateur.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 18. For other definitions, see Words and Phrases, vol. 8, pp. 7048-7053.]

3. SAME—"MERCANTILE PURSUITS."

A corporation operating a restaurant is not subject to adjudication as a bankrupt under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], authorizing an adjudication against corporations engaged in "mercantile pursuits"; the dishes furnished not being merchandise, nor the proprietor a merchant engaged in "mercantile pursuits."

Noyes, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

R. R. Billington, for appellant.

M. P. Davidson (Alfred Yankauer, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. To an involuntary petition in bankruptcy against the Wentworth Lunch Company, the alleged bankrupt answered:

"That such Wentworth Lunch Company is and has ever been authorized and permitted by its certificate of incorporation to manage and conduct and carry on a restaurant and saloon. That the said Wentworth Lunch Company for the greater portion of six months next preceding the date of the filing of said petition has been engaged in carrying on a restaurant and saloon at Nos. 86 and 88 Fulton street, wherein are distributed foods and liquors at retail, and that said foods and liquors were consumed on the premises. That the said Wentworth Lunch Company is not and has never been engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, nor has it ever been engaged in any pursuit or business or trade or enterprise that would bring it within the purview of the bankruptcy act and any or all of its amendments."

The district judge held that the corporation was engaged principally in trading and mercantile pursuits, within the meaning of the act, adjudged it an involuntary bankrupt, and the bankrupt appeals.

The act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) provides that "any corporation engaged principally in manufacturing, trading, printing, publishing or mercantile pursuits" may be adjudged an involuntary bankrupt. Obviously it was the intention of Congress to restrict by definition the kinds of corporation which might be so adjudged. All corporations for profit were not included; for example, such as operate bathing establishments, barber shops, billiard saloons, bowling alleys, circulating libraries, pawnshops, shooting galleries, etc. The fact that the language of the act of 1898 is much narrower than that of the act of 1867 which applied "to all moneyed business or commercial corporations and joint-stock companies," and that it was amended in 1903 by inserting the word "mining," is additional evidence of the intention of Congress to restrict the corporations falling within it. This court has so construed the act in Re New York & New Jersey Ice Lines, 147 Fed. 214, 77 C. C. A. 440.

The specific categories of the section are corporations engaged principally in printing, publishing, and mining, under which, clearly, a restaurant company does not fall. It remains to inquire whether it falls within the general categories of the section, viz., corporations engaged principally in manufacturing, trading, or in mercantile pursuits.

In one sense of the word transformation of raw provisions into cooked dishes is manufacturing; but no one would ever speak of a cook as a manufacturer, and that category may be excluded. A trader is one who buys to sell again, a definition which might apply to a saloon, but not to a restaurant, where the proprietor does not sell the provisions he buys in the form in which he buys them, but changed by combination and cooking into edible dishes.

The word "mercantile," though including trade, is larger, being extended to all commercial operations, so that we speak of shipping merchants, commission merchants, and forwarding merchants. Still we do not think that the dishes of a restaurant would ever be described as merchandise, or the proprietor as a merchant, or as engaged in mercantile pursuits. Printing and publishing companies were specified, presumably because they did not fall within the general categories, and we think the same reasoning applies to a restaurant company. The act has been most satisfactorily discussed by Judge Brown in Re New York & Westchester Water Company (D. C.) 98 Fed. 711 and by Judge Jenkins in Re Sureties Guaranty & Trust Company, 121 Fed. 73, 56 C. C. A. 654; and the precise question involved has been decided in accordance with the foregoing views by Judge Hallett in Re Chesapeake Oyster & Fish Company (D. C.) 112 Fed. 960.

The judgment is reversed.

NOYES, Circuit Judge, dissents.