In re MOORE & MUIR CO.

(District Court, W. D. New York. August 28, 1909.)

No. 3,362.

BANKRUPTCY (§ 72*)—CORPORATIONS SUBJECT TO ACT—INSURANCE BROKERAGE —"TRADING OR MERCANTILE PURSUIT."

A corporation chiefly engaged in conducting the business of a general fire insurance agency is not engaged in a "trading or mercantile pursuit," within Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), and is not subject to the act.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 72.*

For other definitions, see Words and Phrases, vol. 5, pp. 4477, 4478.

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In the matter of the Moore & Muir Company, alleged bankrupt. On motion to affirm report of special master. Report affirmed, and petition dismissed.

John T. Ryan, for petitioners.
Henry W. Killeen, for alleged bankrupt.

HAZEL, District Judge. The single question presented for decision is whether a corporation organized under the laws of the state of New York, which is mainly engaged in conducting the business of a general fire insurance agency, is amenable to the bankruptcy law. Concededly the corporation in question does not insure property against loss by fire, but simply acts as agent or broker in the procurement of insurance. Insurance companies are not subject to the bankruptcy act. They are neither merchants nor traders. They do not buy or sell commodities. Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423). Does the brokerage of fire insurance involve dealing in a commodity used in business?

Counsel for petitioner argues that the insurance solicited and procured is bought by the assured, and accordingly the bankrupt in selling insurance is engaged in a mercantile pursuit. In view of the decisions in analogous cases, I cannot accept this view, and I think the master correctly applied the principle enunciated in Laker v. George H. Stapley Company, 21 Am. Bankr. Rep. 303, and Re Kingston Realty Co., 19 Am. Bankr. Rep. 845, 160 Fed. 445, 87 C. C. A. 406, and cases cited. In Beechley v. Mulville, 102 Iowa, 602, 70 N. W. 107, 71 N. W. 428, 63 Am. St. Rep. 479, it was held by the court, in construing a statute forbidding all sorts of business combinations, that insurance is a commodity, and the court said that it is quite common to speak of selling insurance; but in that case the scope of the statute was evidently broad enough to include all kinds of business, and it is not perceived that the court was specially called upon to decide in that case that insurance is a commodity which may be sold. However that may be, there are several cases decided by the Supreme Court of the United States which broadly hold that insurance is not a commodity,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and not a subject or article of trade or commerce. Paul v. Virginia, 75 U. S. 168, 19 L. Ed. 357.

The bankruptcy law is restrictive in its applicability to involuntary proceedings against corporations which, inter alia, are traders and merchants. The business of Moore & Muir Company was not buying and selling insurance. It is not enough to say that they sold insurance, assuming that such a phrase is used in insurance brokerage. It must have been engaged in trading or a mercantile pursuit, which under the doctrine of In re New York & Westchester Water Company (D. C.) 98 Fed. 711, cited with approval by Judge Noyes, speaking for the Circuit Court of Appeals in Re Kingston Realty Company, supra, would seem to include both buying and selling their goods to merchants, or dealing in goods ordinarily the subject of traffic. As an insurance broker, in my estimation, neither buys nor sells insurance, but more correctly negotiates contracts therefor, his services in that relation do not come within the accepted definition of mercantile pursuit, and therefore the corporation proceeded against does not come within the purview of section 4b of the bankruptcy law, as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1025).

The report of the master is affirmed, and the petition dismissed, with costs.