## In re EXCELSIOR CAFÉ CO.

(District Court, E. D. New York. January 11, 1910.)

1. BANKRUPTCY (§ 68*)—"TRADER"—"MERCANTILE PURSUITS."

A restaurateur is not a "trader," nor, so far as his business of cooking and selling food is concerned, is he engaged in "mercantile pursuits," within Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3418), authorizing involuntary proceedings against traders and persons so engaged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 18; Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 8, pp. 7048–7053; vol. 8, p. 4477.

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank of Mattoon, Ill., v. First Nat. Bank, 42 C. C. A. 4.]

**2.** BANKRUPTCY (§ 95*)—NATURE OF BANKRUPT'S BUSINESS - QUESTION OF LAW OR FACT.

Where an involuntary bankruptcy petition alleged that the bankrupt's principal business was that of operating a saloon and restaurant, whether it was principally engaged in conducting a saloon, and therefore subject to bankruptcy, or principally engaged in keeping a restaurant for the cooking and selling of food, and therefore not within the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), was a question of fact, though the classification of the business under the act was one of law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 140; Dec. Dig. § 95.*]

**3.** BANKRUPTCY (§ 89*) — INVOLUNTARY PETITION—NATURE OF BUSINESS—DEMURRER.

Where an involuntary bankruptcy petition alleged that the bankrupt was engaged principally "in mercantile pursuits, to wit, the business of conducting a restaurant and café." and the alleged bankrupt had consented to the court's jurisdiction, and the court had appointed a receiver on facts appearing to give jurisdiction. a demurrer to the petition on the ground that the bankrupt was principally engaged in conducting a restaurant, and not a saloon, and was therefore not within the act, would be overruled, and the demurring creditor permitted to raise such question by answer, and the petitioning creditor to amend his petition to conform to the facts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120, 121; Dec. Dig. § 89.*]

In the matter of the Excelsior Café Company, an alleged bankrupt. On demurrer by a creditor to an involuntary petition. Overruled, with leave, etc.

Yankauer & Davidson, for intervening creditors.
Albert W. Gray, for petitioning creditors.
Robert F. Randall, receiver.

CHATFIELD, District Judge. In the present case the appointment of the receiver was not made immediately upon the filing of the petition, but after an investigation by the court, from which it could be determined whether there was absolute necessity for appointing such a receiver. This inquiry showed that the principal business of the corporation was that which is commonly known as a saloon, or the buying and selling of liquors, and incidentally furnishing food at certain hours of the day.

The petition in bankruptcy and the petition for the appointment of the receiver both alleged that the bankrupt is engaged principally in trading and mercantile pursuits, to wit, the business of conducting a restaurant and café. It also appeared that the corporation against which the petition was filed was prepared to execute a consent to the

bankruptcy proceedings, which was done upon the following day by a duly executed admission of the various allegations of the petition.

Under the decision in the Matter of Wentworth Lunch Co., 20 Am. Bankr. Rep. 29, 159 Fed. 413, 86 C. C. A. 393, it is held that "a trader is one who buys to sell again, a definition which might apply to a saloon, but not to a restaurant"; and, further, the Circuit Court of Appeals in that opinion holds that the word "mercantile" is not broad enough to cover the business of keeping a restaurant for the cooking and selling of food. Inasmuch as this case is the latest and the controlling decision upon the question, it is necessary to determine in the present instance what the principal business of this particular corporation was, if there is any doubt about the matter. The question of what business the alleged bankrupt was principally conducting is a determination of fact. The classification of that business, under the statute, is one of law. The creditor may amend his petition in certain cases.

But, assuming that the alleged bankrupt had filed a demurrer, thereby admitting the allegations of the petition, that it was engaged principally in "mercantile pursuits, to wit, the business of conducting a restaurant and café," there might be some question under the decision in the Wentworth Case, supra, whether the petitioning creditors should be allowed to amend their petition, or to give proof of the actual facts. But in a case where the alleged bankrupt has not contested the jurisdiction of the court, but where one creditor has by demurrer attacked merely the sufficiency of the petition, and where the court has appointed a receiver upon facts appearing to give jurisdiction, it would not seem that the petition should be dismissed, thus making it appear that a receiver was appointed in a case over which, on the face of the papers, the court should not have assumed jurisdiction. Such a ruling would allow a creditor to take advantage of the language of the particular allegation, which had seemingly been cured in the proceedings themselves, and which would not be available to the bankrupt under the circumstances.

The demurrer will be overruled, and the demurring creditor may, if he wishes to raise the question of fact, interpose an answer, upon which hearing can be had immediately, or the petitioning creditor may amend his petition to conform with the facts shown on the application for the appointment of a receiver, and the creditor may then answer that petition, if he sees fit.