### In re UNITED STATES RESTAURANT & REALTY CO.

(Circuit Court of Appeals, Second Circuit. April 10, 1911.)

#### No. 152.

BANKRUPTCY (§ 6*) — CORPORATIONS SUBJECT TO ACT — CONSTRUCTION OF AMENDMENT.

A corporation engaged in conducting a restaurant, which was not subject to adjudication as a bankrupt under Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), prior to its amendment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

by Act June 25, 1910, c. 412, § 3. 36 Stat. 839, cannot be subjected to bankruptcy proceedings because of a general assignment made prior to that date; the amendment not being retroactive.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 2; Dec. Dig. § 6.*

What persons are subject to bankruptcy law, see note to In re Taylor, 42 C. C. A. 4.]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the United States Restaurant & Realty Company, alleged bankrupt. From an order dismissing the petition, Isaac Heineman and others appeal. Affirmed.

This cause comes here upon appeal by petitioning creditors from a decree refusing to adjudicate the United States Restaurant Company a bankrupt and dismissing the petition. There is no dispute as to the facts, the case having been determined on petition and answer. The opinion of the District Judge is not found in the reports.

William C. Rosenberg, for appellants.

William F. McCoombs (Alexander Gordon and Frederick R. Ryan, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The restaurant company is a corporation principally engaged in conducting a restaurant. It was not within the provisions of Bankrupt Act 1898, § 4, as it stood prior to the amendment of June 25, 1910: In re Wentworth Lunch Co., 159 Fed. 413, 86 C. C. A. 393. On April 7, 1910, it made a general assignment for the benefit of creditors. In so doing it did not commit an act of bankruptcy under section 3, because the provisions of that section applied only to persons who might become bankrupts. The amendment of June 25, 1910 (section 4), for the first time brought this corporation within the category of possible bankrupts.

The sole question in the case is whether by so doing Congress intended that an act done by the corporation which was in no way improper or obnoxious to any provision of statute when it was done should be availed of to send the corporation into the bankruptcy court, when its estate had already been put into a position where it was being administered under the insolvent laws of the state. To hold this would be to give to the amendment a retroactive effect, and we concur with the District Judge in the conclusion that there is nothing in the amending statute which requires such a construction. And unless such an intention on the part of Congress is clearly expressed in the act itself, its provisions should not have a retrospective operation. U. S. v. Heth, 3 Cranch, 399, 2 L. Ed. 479.

The appellant contends that the amendment merely enlarges a remedy already existing, and he cites Pond v. N. Y. National Exchange Bank (D. C.) 124 Fed. 992, where it was held that an act conferring jurisdiction of certain suits on a court which theretofore was without such jurisdiction was not confined to rights of action subsequently

arising. In that case, however, rights of action theretofore existing could have been enforced elsewhere. In the case at bar no creditor of the company had any existing right to throw it into bankruptcy as a consequence of its having made a general assignment.

The numerous cases cited (In re Neely [D. C.] 134 Fed. 667, and others) which deal with the subject of discharge have no application. A discharge in bankruptcy is an act of grace, and the person who applies for it must comply with the conditions required as essential to its granting at the time he applies for it. This is a very different proposition from the one here contended for. What the appellant asks (as it is tersely expressed in appellee's brief) is that:

"Where a person has deliberately surrendered his property in reliance upon the law as it stands, he can, by a subsequent amendment of that law, be subjected in invitum, on account of such surrender to a code of law to which he was not theretofore subject."

We find nothing in the amendment which calls for any such construction.

The decree is affirmed.