## WHITE v. UNITED STATES FIDELITY & GUARANTY CO.

No. 20974. Opinion Filed June 28, 1932.

Rehearing Denied July 27, 1932.

H. P. White, propria persona.

Humphrey & Spence, for defendant in error.

HEFNER, J. This action was brought in the district court of Osage county by the United States Fidelity & Guaranty Company against H. P. White to recover the sum of $653, interest and attorneys' fees.

Plaintiff pleads two separate causes of action: In the first cause of action, it is alleged that defendant is indebted to it in the sum of $200, which amount it was required to and did pay to the Osage Indian Agency as rental on a certain oil lease entered into between defendant and the Osage Indian Tribe; that it was required to pay the rental for the reason that it executed a bond to the Indian Agency, guaranteeing the faithful performance by defendant of the lease contract; that defendant owed rent on the lease in that sum from January 28, 1927, to April 28, 1928, which he failed and refused to pay.

Defendant denied that he is indebted to plaintiff as alleged in its first cause of action. He admits that plaintiff made payments to the Indian Agency, as therein alleged, but claims such payments were made voluntarily; that he owned the Agency no rental at that time, and that he so notified plaintiff and notified it that, if it paid rental to the Agency, it would do so at its peril. Defendant further says that there was no breach of the bond signed by plaintiff, and that it, at the time of payment, was not liable to the Agency thereon. Defendant admits entering into the lease contract as alleged by plaintiff, but says that, under the terms thereof, if no well were completed within one year as therein provided, it automatically expired; that he was not therefore required to pay rental.

In its second cause of action, plaintiff al-

the margin.

leged that defendant was indebted to it in the sum of $453 on a promissory note, together with interest and attorneys' fees, executed to it by defendant. Defendant pleaded, as a defense to this cause of action, that there was no consideration for the execution of the note therein sued on.

A jury was impaneled to try the cause, and at the conclusion of the evidence, the trial court, on motion of plaintiff, directed the jury to return a verdict in its favor on both causes of action. The verdict was so returned, and judgment entered thereon. Defendant has appealed, and asserts that the judgment is contrary to law and is not sustained by the evidence.

It is his contention that, having failed to drill a well within one year as provided by the terms of the lease, and having failed to pay rental as therein provided, the lease was thereby automatically canceled; that he was not required to surrender the lease for cancellation at the end of the year in order to be released from payment of rentals therein provided. The lease in question is a departmental lease, and, by section 1 thereof, is to run for a term of five years from the date of its approval, and so long thereafter as oil is found in paying quantities. Section 3 thereof, in part, provides:

"Lessee shall drill at least one well to the Mississippi lime. * * * within twelve months of the date of the approval of this lease unless it shall be demonstrated that casing or other well equipment cannot be obtained, in which event the Secretary of the Interior, in his discretion, may extend the time by payment of an annual rental of one dollar per acre for each year's delay from date of the approval of lease. * * * Should the lessee elect to surrender this lease before the end of any such yearly period without drilling a well thereon, he shall pay the rental of one dollar per acre for the fractional part of a year the land is held and a well is not drilled, and failure of the lessee to pay such rental within 25 days from the expiration of any yearly period during which such well is not drilled, shall be cause for cancellation of this lease by the Secretary of the Interior, but such cancellation shall not release the lessee and his sureties from the obligation to pay such rental. * * *"

The lease in controversy is not what in this state is commonly known as an "unless lease," and is not governed by the rules of law applicable thereto. Under the terms of this lease, the failure to pay rentals does not automatically terminate the same, as is the case in an "unless lease." The failure of lessee to pay the rental within 25 days after the expiration of any yearly period during which such well is not drilled, shall be cause for cancellation of the lease by the Secretary of the Interior. In other words, if rentals are not paid in accordance with the provisions of the lease, the Secretary may, at his option, cancel the same; but the failure to pay the rentals does not render the lease null and void. The only way the lessee could avoid payment of rentals was to surrender the lease in accordance with the terms thereof. In this connection, section 14 of the lease provides:

"The oil lessee may at any time, by paying to the Superintendent all amounts then due, including rentals in lieu of developments as provided in paragraph numbered three hereof, and the further sum of one dollar, surrender all or any quarter-section or fractional part of a quarter-section * * * and have the lease canceled as to lands surrendered and be relieved from all further obligations and liabilities thereunder as to the part surrendered. * * *"

It will be observed that the terms of the lease provide the manner in which it may be surrendered or canceled. Consequently, surrender and cancellation can be effected in no other manner, unless by agreement and consent of all parties thereto.

In the case of Ardizzonne v. Archer, 71 Okla. 289, 160 P. 446, 177 P. 554, this court said:

"A voluntary surrender of an oil and gas mining lease, where the mode of effecting such surrender is prescribed therein, can only be made in the manner so prescribed, unless the consent of all parties thereto be given to a surrender in some other manner. * * *"

Defendant in the instant case did not proceed to cancel and surrender the lease in the manner provided by the terms thereof. He therefore was liable to the Agency for the rental therein provided. The evidence fails to establish a defense to plaintiff's first cause of action and the trial court properly directed a verdict thereon in favor of plaintiff.

The record discloses that the note sued on in the second cause of action was to secure plaintiff for rentals paid to the Agency on the lease of defendant from April 28, 1926, to June 28, 1927. There is no evidence which tends to sustain the defense of want of consideration for the execution of the note, and plaintiff was entitled to a directed verdict on this cause of action.

Over the objection of defendant, evidence was admitted that, in accordance with cer-

tain rules and regulations of the Department, the time for commencement of drilling certain wells on leases in the Osage Nation was extended. The admission of this evidence is assigned as error. We think the evidence offered was immaterial; it had no bearing on the issues here involved. Its admission does not, however, constitute reversible error.

The judgment is affirmed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.